ACCEPTED
03-17-00801-CV
21620340
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/4/2018 5:21 PM
JEFFREY D. KYLE
CLERK

No. 03-17-00801-CV

In the Court of Appeals

Third Supreme Judicial District of Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/4/2018 5:21:35 PM
JEFFREY D. KYLE
Clerk

Thomas Ray Pilgrim

v.

Texas Civil Commitment Office

**Appellant's Brief**

On Appeal from Cause
D-1-GN-17-000838
In the 250th Judicial District Court, Travis County, Texas

William A. Marshall
16011 Maplehurst Drive
Spring, Texas 77379
TBN 13048340
Phone: 713-301-2854
billmarshallpm@gmail.com

***ORAL ARGUMENT REQUESTED***

# Table of Contents

1. Table of Contents..................................................................................2

2. Identities of Parties and Counsel ........................................................3

3. Index of Authorities..............................................................................4

4. Statement of Procedural History.......................................................10

5. State Regarding Oral Argument........................................................11

6. Statement of Issues............................................................................12

7. Statement of Facts.............................................................................13

8. Summary of Argument.......................................................................32

9. Argument and Authorities................................................................34

10. Issue One...........................................................................................35

11. Issue Two...........................................................................................37

12. Issue Three.........................................................................................54

13. Issue Four..........................................................................................57

14. Issue Five...........................................................................................61

15. Issue Six.............................................................................................63

16. Issue Seven........................................................................................64

17. Prayer.................................................................................................65

18. Certificate of Compliance.................................................................65

19. Certificate of Service........................................................................66

20. Appendix............................................................................................67

# Identity of Parties and Counsel

**Appellant**

     Plaintiff below – Thomas Ray Pilgrim

     Trial Counsel –  William A. Marshall

             16011 Maplehurst Drive

             Spring, Texas 77379

**Appellee**

     Defendant below - The Texas Civil Commitment Office

     Trial Counsel - Richard Huntpalmer

             Assistant Attorney General of Texas

             Law Enforcement Defense Division

             Office of the Attorney General

             P.O. Box 12548, Capitol Station

             Austin, Texas 78711

# Index of Authorities

**<u>Cases</u>**

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)..........................34

*Brown v. Darden, 121 Tex. 495, 50 S.W.2d 261, 263 (1932)*................................62

*Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983)............................45

*C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 322 n.5 (Tex. 1994)........45

*Cramer v. Sheppard*, 167 S.W.2d 147, 155 (Tex. 1942).........................................45

*Deacon v. City of Euless*, 405 S.W.2d 59, 61 (Tex.1966).......................................58

*Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex.2000)..................................34

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex.2009)...............39

*Fitzgerald v. Adv. Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866
   (Tex.1999)..............................................................................................................39,44

*Galbraith Eng'g. Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-868 (Tex.
   2009)........................................................................................................................45

*Hernandez v Texas Dep't of Insurance*, 923 S.W.2d 192 (Tex.App. Austin
   1996)........................................................................................................................64

*In re Commitment of Fisher*, 164 S.W.3d 637 (Tex. 2005) ...................................16

*In re Commitment of Keen,* 462 S.W. 524 (Tex. App.-Beaumont 2015,
   no pet.)....................................................................................................................51

*In re Commitment of Mr. Pilgrim*, 09-11-00593-CV (Tex. App.—Beaumont Feb.
   28, 2013, pet. ref'd) (mem. op., not designated for publication)...........................38

*In re Commitment of Lewis*, 495 S.W.3d 342 (Tex. App.—Beaumont 2016, pet. ref'd)......................................................................................22, 41

*In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212 (Tex. 1999)....................................45

*In re Smith,* 333 S.W.3d 582, 586 (Tex. 2011).......................................................39

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).......................34

*Merchants Fast Motor Lines, Inc. v. Railroad Comm'n*, 573 S.W.2d 502, 504 (Tex. 1978)...............................................................................................59

*Mission Consol. ISD v Garcia*, 372 S.W.3d 629, 635 (Tex. 2012)........................34

*Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex.2011)....................................39, 44

*Rylander v. Fisher Controls Int'l, Inc.*, 45 S.W.3d 291, 301 (Tex. App. -Austin 2001, no pet.)...............................................................................62

*State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707, 708-709 (1943)............................................................................................59

*Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 738 (Tex. App.-Austin 2014, pet. dism'd)..................................................34

*Tex. Natural Res. Conserv. Comm'n. v. IT-Davy*, 74 S.W.3d 849 (Tex. 2002)..…..34

## **Rules**

Tex. R. Civ. P. 22.....................................................................................................50

Tex. R. Civ. P. 78-82................................................................................................50

Tex. R. Civ. P. 329.............................................................................................17, 3

**Constitutional Provisions**

Article V, Section 8 of the Texas Constitution.............................................11, 35, 60

Article I, Section 16 of the Texas Constitution......................................................58

**Texas Health and Safety Code**

§841.001.................................................................................................................14

§841.002..........................................................................................................14, 40

§841.003.................................................................................................................49

§841:021-023.........................................................................................................14

§841.023....................................................................................................14, 26, 48

§841.041...........................................................14, 16, 17, 26, 46, 47, 48, 49, 50

§841.062.................................................................................................................14

§841.081........................................................................................................15, 16, 17

§841.082.....15, 17, 18, 19, 24, 27, 29, 30, 32, 42, 47, 51, 53, 55, 58, 59, 60, 61, 62, 63

§841.083.................................................................................................................19

§841.0831...............................................................................................................27

§841.0834.......................................................................28, 31, 35, 37, 48, 56, 63

§841.0836........................................................................................................27, 28

§841.085.................................................................................30, 47, 51, 53, 60

§841.101-103.........................................................................................................16

§841.102.................................................................................................................47

§841.121-124.........................................................................................................16

§841.122.................................................................................................................47

**Statutes**

Texas Code Crim. P. Art. 13.315.................................................................48, 51, 53

Tex. Code Crim. P. arts. 46B.107.........................................................................62

Tex. Code Crim. P. arts. 46B.114.........................................................................62

Tex. Code Crim. P. Ch. 46, Subch. E....................................................................62

Texas Gov't Code § 11.025.....................................................................................42

Texas Gov't Code § 24.007.....................................................................................11

Texas Gov't Code § 24.579........................................................................16, 28, 38

Texas Gov't Code § 74.042.....................................................................................26

Texas Gov't Code § 311.011(a)..............................................................................61

Texas Gov't Code § 311.022...................................................................................58

Texas Gov't Code § 311.023...................................................................................45

Texas Gov't Code § 311.023(1).......................................................................41, 42

Texas Gov't Code § 311.023(2).......................................................................41, 43

## Other Authorities

An Act relating to the civil commitment of and the protection of citizens from sexually violent predators. (Acts 2005, 79th Leg., ch. 849, Sections 3 and 7(1)) (S.B. 912) …..........................................................18, 19

An Act relating to the civil commitment of sexually violent predators; amending provisions subject to criminal penalties. (Acts 2015, 84 Leg., R.S., ch. 845) (Senate Bill 746) "SB746"............................................12, 15, 19, 37, 38, 40, 42, 43, 44, 46, 47, 51, 53, 54, 55, 60, 61

An act relating to the civil commitment of sexually violent predators, the operation of the Texas Civil Commitment Office, and certain related offenses; increasing a criminal penalty (Acts 2017, Senate Bill 1576, 85th Leg., ch. TBD, §16.) (SB 1576)..................................................................13, 18, 30, 31, 33, 54, 59

An Act Relating to the Continuation and the Functions of the Department of Criminal Justice, The Administration of the Private Sector Prison Industries Oversight Authority, The Administration of the Texas Council On Offenders With Mental Impairments, And The Civil Commitment of Sexually Violent Predators, 1999 Tex. Sess. Law Serv. Ch. 1188 (S.B. 365) Vernon's...........................................................................16, 17, 18

An Act relating to the prosecution, punishment, and supervision of certain sex offenders and to certain crimes involving sex offenders. (Acts 2007, 80th Leg., R.S., ch.593, section 5.) (H.B. 8)........................17

An Act relating to the sex offender civil commitment program and to the creation of a state agency to perform the functions relating to the sex offender civil commitment program that are currently performed by the Council on Sex Offender Treatment. (Acts 2011, 82nd Leg., R.S., ch. 1201, Sec. 4) (S.B. 166).....................................15

An Act relating to the sex offender registration program and the civil commitment of sexually violent predators. (Acts 2003, 78th Leg., ch.347, Section 24.) (S.B.871).........................................................17, 19

Senate Comm. on Criminal Justice, Bill Analysis, Tex.
S.B. 746, 84th Leg., R.S. (2015)...........................................................21, 23, 25, 41

No. 03-17-00801-CV

Thomas Ray Pilgrim

v.

Texas Civil Commitment Office

**To the Honorable Justices of the Court of Appeals:**

Appellant, Thomas Ray Pilgrim, respectfully presents this brief in support of his assertion that the trial court judge erred in granting Appellee's Plea to the Jurisdiction and dismissing Appellant's case.

## Statement of Procedural History

On February 28, 2017 Mr. Pilgrim filed his Original Unauthorized Petition for Release and in the Alternative Petition for Less Restrictive Housing and Supervision. On March 27, 2017 Appellee filed its Motion to Transfer Venue, to which Mr. Pilgrim responded on June 1, 2017. Appellee filed its Original Answer on June 8, 2017 and its First Amended Motion to Transfer Venue on June 9, 2017. Mr. Pilgrim non-suited his Unauthorized Petition for Release on June 12, 2017 and his Response to Appellee's First Amended Motion to Transfer Venue on July 18, 2017. On August 23, the Honorable Gisela Triana issued a letter ruling denying Appellee's Motion to Transfer Venue and instructing Mr. Pilgrim's counsel to draft an order. On August 30, 2017 Judge Triana signed an Order denying Appellee's

Motion to Transfer Venue. On September 20, 2017, Appellee filed its Plea to the Jurisdiction, Mr. Pilgrim filed his opposition on October 6, 2017, and on November 8, 2017 the Honorable Tim Sulac entered an Order granting Appellee's Plea to the Jurisdiction. On November 9, 2017 Mr. Pilgrim filed his Request for Findings of Fact and Conclusions of Law. On November 27, Mr. Pilgrim filed his Notice of Appeal and on December 4, his Motion for New Trial. Both Mr. Pilgrim's Request for Findings of Fact and Conclusions of Law and Motion for New Trial remain outstanding.

Mr. Pilgrim asserts that the district courts of Travis County, as courts of general jurisdiction, have subject matter jurisdiction over his case by virtue of Article V, Section 8 of the Texas Constitution and Texas Gov't Code § 24.007. The basis of Appellee's Motion to Transfer Venue and Plea to the Jurisdiction are that the "committing court" has continuing jurisdiction over cases in which a person is ordered into involuntary commitment pursuant to Texas Health and Safety Code Chapter 841.

## Statement Regarding Oral Argument

Mr. Pilgrim requests oral argument because he believes that this Court may benefit from oral argument.

# Statement of Issues Presented

### First Issue

The district courts of Travis County have subject matter jurisdiction over Texas Health and Safety Code Chapter 841 cases, including § 841.0834 Petitions for Less Restrictive Housing and Supervision.

### Second Issue

The Act relating to the civil commitment of sexually violent predators; amending provisions subject to criminal penalties (Acts 2015, 84 Leg., R.S., ch. 845) (Senate Bill 746) stripped the 435th District Court of jurisdiction over Mr. Pilgrim's Health and Safety Code Chapter 841 case.

### Third Issue

The Act relating to the civil commitment of sexually violent predators; amending provisions subject to criminal penalties (Acts 2015, 84 Leg., R.S., ch. 845) (Senate Bill 746) did not grant "exclusive, appellate or original" subject matter jurisdiction over Chapter 841 cases to a court other than a district court, another tribunal, an administrative body, or a particular district court.

### Fourth Issue

The Act relating to the civil commitment of sexually violent predators, the operation of the Texas Civil Commitment Office, and certain related offenses;

increasing a criminal penalty (Acts 2017, Senate Bill 1576, 85th Leg., ch. TBD, §16.) did not grant "exclusive, appellate or original" subject matter jurisdiction over Chapter 841 cases to a court other than a district court, another tribunal, an administrative body, or a particular district court.

## Fifth Issue

The court in which Mr. Pilgrim was convicted of his sexual offenses is NOT the "committing court" mentioned in current Health and Safety Code § 841.082(d) or (e).

## Sixth Issue

The district courts of Travis County do not need jurisdiction to amend Mr. Pilgrim's order of commitment as a prerequisite to requiring TCCO to provide Mr. Pilgrim less restrictive housing and supervision.

## Seventh Issue

The trial court erred in failing to issue Findings of Fact and Conclusions of Law.

# **Statement of Facts**

**Texas Health and Safety Code Chapter 841[1]**

---

[1]

The Texas Legislature enacted Health and Safety Code Chapter 841, the Texas Sexually Violent Predator Act (Chapter 841), in the 1999 session. See §841.001. Chapter 841 was created to protect Texans from persons who had committed and were likely to continue committing sexually violent offenses. *Id.* Inmates of the Texas Department of Criminal Justice (TDCJ) approaching release from confinement are evaluated to determine whether they have a condition that makes them likely to commit sexually violent offenses when released from confinement. §§841.021-841.023. Individuals determined to have the requisite condition (i.e. a behavioral abnormality) and are likely to commit a sexually violent offense when released from TDCJ go through a vetting process which culminates with the "attorney representing the state" deciding whether or not to prosecute the person for "civil commitment." §841.023(b). The attorney representing the state, §841.002(3), then files suit seeking to have the selected persons: (1) declared sexually violent predators (SVPs); and, (2) ordered into treatment and supervision. §841.041.

In most of the cases the accused SVPs have elected to have a jury make the determination whether they were a sexually violent predator. See §841.062. The State lost the very first jury trial in which it sought to have a person declared an

---

Unless otherwise specified, all references to Chapter 841 and its statute sections are to the Texas Health and Safety Code.

SVP, Appendix: Exhibit G, but did not lose another Chapter 841 jury trial until August 2016. During that time over 350 men were ordered into Chapter 841 commitment. After the judge or jury declares the person to be an SVP, the judge is required to commit the person to treatment and supervision. §841.081. This has primarily been done through entry of a judgment. CR:302. The supervision and treatment continue until the person's behavioral abnormality changes to the extent that the person is no longer likely to engage in predatory acts of sexual violence. §841.081. The judge must also impose upon the person requirements to ensure the person's compliance with treatment and supervision and to protect the community. §841.082. This has primarily been accomplished through entry of an Order of Commitment. CR: 303-4. §841.082(a) sets forth the requirements to be imposed upon the person.

Until 2011, men committed under Chapter 841 were ordered into supervision and treatment coordinated by the Council on Sex Offender Treatment (CSOT). Effective September 1, 2011, the responsibilities of CSOT for Chapter 841 commitment were transferred to a new state agency, the Office of Violent Sex Offender Management (OVSOM), Acts 2011, 82nd Leg., R.S., Ch. 1201, Sec. 4, eff. September 1, 2011, which was staffed by the CSOT personnel who had been responsible for Chapter 841 commitment. In 2015, the name of OVSOM was

changed to the Texas Civil Commitment Office (TCCO). Act of May 21, 2015, 84th Leg. R.S., ch. 845, Section 3, 2015 Tex. Sess. Law Serv. 2701, 2701-12 (West).

For the first 16 years of Chapter 841, the treatment provided was labeled "outpatient" sex offender treatment which, in conjunction with the "supervision", was aimed at changing the person's behavioral abnormality to the extent that they were no longer likely to engage in predatory acts of sexual violence. §841.081(a). See also *In re Commitment of Fisher*, 164 S.W.3d 637 (Tex. 2005). Once in Chapter 841 commitment, the program requires that the adjudicated SVP be evaluated every two years to determine whether their behavioral abnormality has changed to the extent that they are no longer likely to engage in a predatory act of sexual violence. See §§841.101-103, Biennial Review. The program also allows those who were adjudicated as SVPs to petition the court for release based on their claim that their behavioral abnormality had changed to the extent that they were no longer likely to engage in predatory acts of sexual violence. See §§841.121-124, Petition for Release. The determination of whether the person's behavioral abnormality has sufficiently changed, in both a biennial review and petition for release, involves an action by a court. See §§841.101-103 and §§841.121-124.

In the beginning of the program, the attorney representing the state filed all

Chapter 841 cases in a Montgomery County district court other than a family district court.[2] In 2007 the Legislature created the 435th District Court in Montgomery County which was to give precedence to cases involving Chapter 841. Tex. Gov't. Code §24.579. Thereafter, the judges of Montgomery County assigned all Chapter 841 cases to the 435th District Court.[3]

In most civil cases the trial court loses jurisdiction over a case within a relatively short time after a judgment is rendered. Tex. R. Civ. P. 329b. However, a person ordered into Chapter 841 civil commitment remains there until a court determines that his behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. §841.081(a).

The original version of §841.082[4] specifically addressed jurisdiction after the Chapter 841 commitment trial. Originally, §841.082(c) instructed the Montgomery County judge to transfer jurisdiction over the case to a court in the county where the person resided, immediately after the commitment of the person.[5] This happened, CR: 277-288, and those cases were never transferred back to Montgomery County. However, the State and the 435th District Court disregarded

---

[2]    Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, §841.041(a), eff. Sept. 1, 1999.
[3]    Acts 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.041(a), 1999 Tex. Gen. Laws 4122, 4146; see also Act of May 28, 2007, 80th Leg., R.S., ch. 593, § 5, 2007 Tex. Gen. Laws 4563, 4564.
[4]    Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, eff. Sept. 1, 1999.
[5]    Acts 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.082(c), 1999 Tex. Gen. Laws 4122, 4146.

those transfers of jurisdiction.

In 2003 the Legislature renumbered §841.082(c) to §841.082(d) and amended it to require the Montgomery County judge to transfer the case once it "becomes final for purposes of appeal."[6] The Legislature also added a new §841.082(e) which authorized modification of the requirements imposed under subsection (a) to be modified "at any time after notice to each affected party to the proceedings and a hearing." *Id.* The new §841.082(e) did not identify which court could amend the requirements, probably because the legislature presumed that the courts to which jurisdiction had been transferred was the obvious choice. The 2003 amendments were not made retroactive.

In 2005, amendments to §841.082(d) deleted the language requiring the Montgomery County judge to transfer jurisdiction,[7] but left unchanged §841.082(e). The 2005 amendments were not made retroactive. Until September 1, 2017 §841.082(e) never specified which court could modify the requirements imposed under §841.082(a). (Acts 2017, Senate Bill 1576, 85th Leg., ch. TBD, §16.) The 2017 amendments were not made retroactive.

In any event, the court, or courts, that retained jurisdiction had extended periods (usually the two years between biennial reviews) of dormant jurisdiction

---

[6] Acts 2003, 78th Leg., ch. 347, Sec. 24, eff. Sept. 1, 2003, §841.082(b).
[7] Acts 2005, 79th Leg., ch. 849, Sec. 3, eff. September 1, 2005.

over cases in which no post-commitment Chapter 841 proceedings were held.

Originally, Chapter 841 required men ordered into commitment "to live at a particular location,"[8] and prohibited them from changing their residence without "prior authorization from the judge."[9] The 2003 amendments to §841.082 provided that the judge could "request assistance from [CSOT] in determining an appropriate residence for the person."[10] After 2003, the vast majority of men in Chapter 841 commitment lived in half-way houses which also housed parolees with no other place to live.

The 2005 amendments changed the § 841.082(a) requirement that a man live in "a particular location" to require the man to "reside in a Texas residential facility under contract with the council or at another location or facility approved by [CSOT]."[11] However, the prohibition that the man not change his residence without prior authorization from the judge was left in tact. *Id*.

The "Act of May 21, 2015, 84th Leg. R.S., ch. 845, 2015 Tex. Sess. Law Serv. 2701, 2701-12 (West)" (hereinafter Senate Bill 746 or SB 746) completed the transfer of authority to control the residence of the person from the judge to TCCO. Specifically, the residential requirements of §841.082(a) were modified: to

---

[8]   Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, §841.082(a)(1), eff. Sept. 1, 1999.
[9]   Acts 1999, 76th Leg., ch. 1188, Sec. 4.01, §841.082(a)(6), eff. Sept. 1, 1999.
[10]  Acts 2003, 78th Leg., ch. 347, Sec. 24, §841.082(b), eff. Sept. 1, 2003.
[11]  Acts 2005, 79th Leg., Ch. 849, Sec. 3, eff. September 1, 2005.

require "the person to reside where instructed by the office"; and, to delete the requirement that the judge approve a change of residence. *Id.*

From the beginning, CSOT, then OVSOM, then TCCO has been responsible for the treatment program and supervision of the man. §841.083. Under this responsibility, and without approval by the judge or court, CSOT, then OVSOM, then TCCO allowed men varying degrees of freedom. Most of the men in Chapter 841 commitment were not allowed to leave the half-way houses, except to attend sex offender treatment at their treatment provider's office. Eventually, some of the men in Chapter 841 commitment earned the privilege of leaving the half-way houses, sometimes unescorted, to go to places such as the grocery store or doctor's office or pharmacy or law library. Others were allowed to leave the facility with a "chaperon" to go various places in the community. A very few men were allowed to seek and secure employment. Even fewer were allowed to move out of the half-way houses and into residences they secured for themselves. See Transcript, December 8, 2015 hearing regarding Motion for Placement in Tiered Treatment Program, Cause No. 12-12-13065, In re the Commitment of Alonzo May, 435th District Court, Montgomery County, Texas. Transcript pages 36-37 (CR: 82-83) establish the witness' familiarity with the former treatment program. Transcript pages 47, lines 3-11 (CR: 93) and, pages 59, lines 13 to page 61, line 9 (CR: 105-

107) contain details of the "clients'" privileges under the former treatment program. These privileges were granted without input from either the judge or court.

In 2014, the Chapter 841 commitment program was in a bind. Public attention resulting from *Houston Chronicle* reporting led to a state audit of the Chapter 841 commitment program. This audit found a "growing crisis of the civil commitment of sexually violent predators program that could result in a major threat to the public safety in Texas". *See: TX B. An., S.B. 746, 6/5/2015, Texas Bill Analysis, 2015 Regular Session, Senate Bill 746.* (CR: 197)

In December 2014 Senator John Whitmire, one of the authors of Chapter 841 and author of SB 746, told the *Houston Chronicle* that he planned to ask the Commission on Judicial Conduct to investigate Michael Seiler (CR: 427), then the sitting judge of the 435th District Court, because Judge Seiler

> was "out of control and is legally jeopardizing the good purpose for why this program was established ." (CR: 427)

> was "acting very bizarre and without a doubt is violating the constitutional rights of the defendants. That has to stop." (CR: 427)

> has lost "objectivity and impartiality". (CR: 430)

Senator Whitmire also told the *Chronicle* that:

> he planned to introduce "legislation to strip Seiler of his position as the only judge in the state now specifically given jurisdiction over the

so-called civil commitment cases."(CR: 427)

"We put this in Montgomery County … for convenience, and that obviously has not worked out." (CR: 430)

"The reform of this program that needs to happen will not occur unless we get the judicial component corrected, as well." (CR: 431)

In part because Senator Whitmire joined other complainants, the Texas Commission on Judicial Conduct initiated an investigation into Judge Seiler in January 2015. (CR: 432)

On January 6, 2015 Senator Whitmire told the *Chronicle* about Judge Seiler:

"By his own actions and comments, I think this judge has made himself nonfuctional in hearing these cases... I think the judge has demonstrated he can't handle, shouldn't handle these cases." (CR: 436)

SB 746 was introduced on February 24, 2015. Mr. Pilgrim asks the Court to take Judicial Notice of this fact. At the time SB 746 was introduced, the State Commission on Judicial Conduct was reviewing five complaints of judicial misconduct against the then sitting judge of the 435th District Court.

On April 24, 2015, the Commission on Judicial Conduct reprimanded Judge Seiler[12] for behavior that indicated that men alleged to be sexually violent predators could not get a fair trial in his court. Mr. Pilgrim asks the Court to take Judicial Notice of this fact. (CR: 438). The report of the Commission said Seiler's

---

[12] See *In re Commitment of Lewis*, 495 S.W.3d 342 (Tex. App.- Beaumont 2016, pet. ref'd).

comments:

> were sufficiently impatient, discourteous and undignified to cause a reasonable person to perceive that Judge Seiler harbored such bias against SCFO attorneys, their expert witness, and the offenders themselves, that a fair trial was not possible. (CR: 442)

On May 1, 2015, regarding the reprimand of former Judge Seiler, Senator Whitmire told the *Houston Chronicle*

> "It's the worst case of repeat judicial misconduct like this that I've seen in my   legislative career and in my professional experience as a lawyer." (CR: 439)

> "Whether you like people or not, if you're a judge, you've got to give them a fair   hearing and fair access to court process. ... The report makes clear that he should not continue to handle these cases."  (CR: 439-40)

> "the commission's report highlights why his reform bill, passed April 22 [2015] by the Senate and now awaiting action in the House, needs to be quickly passed and put into law." (CR: 445)

> "If we left Seiler in charge of this program, if we leave it unchanged, the entire program will be in jeopardy of being declared unconstitutional."(CR: 445)

In the Bill Analysis of SB 746 Senator Whitmire said of the 435th District Court:

> The court is currently in complete disarray. Public statements by the elected judge from Montgomery County have rendered him ineffective and led to his recusal from hearing cases he is designated by statute to hear. This is having a negative impact on the entire

Second Administrative Judicial District impacting 35 other counties.

Mr. Pilgrim asks the Court to take judicial notice of this fact and refers the Court to Senate Bill 746 *Bill* (CR: 197).

Judge Seiler was a problem for another reason. Taking the cases out of Montgomery County was the only way to prevent Judge Seiler from continuing to hear cases. The State continued to file requests for civil commitment proceedings in his court, even in cases in which the jurisdiction over the case had been transferred to other counties. (Mr. Pilgrim requests the Court to take judicial notice of the original language of Health and Safety Code § 841.082(d) which required the transfer of cases to the county in which the person resided. Mr. Pilgrim also directs the Court's attention to: 1) In re the Commitment of Paul Keen, Cause No. 01-11-07041, Keen's case was transferred to Bexar County; 2) In re the Commitment of Adolph Martinez, Cause No. 01-4-02224-CV, Martinez's case was transferred to Ector County; 3) In re the Commitment of James Richards, 01-09-05913, Richard's case was transferred to Harris County, In re the Commitment of Daniel Almaguer, 01-06-03836-CV, Almaguer's case was transferred to Travis County.) (CR: 277-288).

Judge Seiler finally resolved the problem he represented. In February 2016 Judge Seiler resigned in order to avoid prosecution for accessing privileged juror

information. See *Seiler resigns from 435th bench, avoids criminal prosecution*, The Courier of Montgomery County, February 16, 2016.[13]

Another reason for taking the cases out of Montgomery County is that Seiler's conduct of the Chapter 841 commitment cases was just fine with many Montgomery County residents. Proof of this is that he garnered the most votes in the primary in his race for re-election even after being reprimanded by the Commission on Judicial Conduct. Mr. Pilgrim asks the Court to take judicial notice of this fact and directs the Court to:

http://www.mctx.org/electioninfo/eResultsMain.aspx.

Furthermore, as long as Judge Seiler was on the bench, the other District Court Judges of Montgomery County could continue to assign all of the Chapter 841 cases to Judge Seiler. The probability of this is demonstrated by the denial of Motions to Recuse Judge Seiler in multiple Chapter 841 cases (CR: 427) after he was sanctioned.

The combination of the dysfunction in the 435th District Court, the impending loss of housing facilities, and crisis in the management of OVSOM led the Legislature to recreate the program. *Id.* Senate Bill 746 was the vehicle chosen by the legislature to recreate the Chapter 841 commitment program.[14]

---

[13] http://www.yourconroenews.com/neighborhood/moco/news/article/Seiler-resigns-from-435th-bench-avoids-criminal-9474157.php

[14] Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 746, 84th Leg., R.S. (2015).

Senate Bill 746, as enacted, contained 44 sections. It made extensive changes to the Chapter 841 commitment program in general and Health and Safety Code Chapter 841 in particular.

SB 746 Section 6 amended §841.023. §841.023 addresses TDCJ's role in the assessment of TDCJ inmates being considered for Chapter 841 commitment. TDCJ is to perform an assessment to determine whether the person: has a behavioral abnormality; and, is likely to commit a predatory act of sexual violence. *Id.* In the event TDCJ determines that the person has a behavioral abnormality, TDCJ is directed to give notice of the assessment (and supporting information) to the attorney representing the state. *Id.* SB 746 Section 6 also required TDCJ to direct the notice to the attorney representing the state in "the county in which the person was most recently convicted of a sexually violent offense". (Emphasis added.) Prior to June 17, 2015 §841.023 directed that the notice be sent to the Special Prosecution Unit.

SB 746 Section 7 amended §841.041. §841.041 is the statutory guide for the attorney representing the state when filing a new Chapter 841 lawsuit. The version of section 7 initially introduced, left to the discretion of "the presiding judge of the

(CR:197)

Second Administrative Judicial Region"[15] where, except for family courts, to assign new Chapter 841 cases. The version of §841.041(a) enacted required the new cases to be filed in the court of conviction for the person's most recent sexually violent offense. After June 17, 2015, the attorney representing the state "may file in the court of conviction for the person's <u>most recent sexually violent offense</u>, a petition alleging that the person is a sexually violent predator..." (Emphasis added.) *Id.*

SB 746 Section 13 amended §841.082(a). As noted above, §841.082(a) lists the requirements to be imposed on the person to ensure compliance with treatment and supervision and to protect the community. Violation of those requirements could form the basis of a new felony charge. §841.085. SB 746 Section 13 completely deleted prior subsections (3), (7) and (8).[16]   SB 746 Section 19 amended §841.085 to remove the renumbered subsection (3) from the group of requirements the violation of which could form the basis of a new felony charge. SB 746 Section 40(b) required pre-existing Orders of Commitments to be modified to conform to the changes made to §841.082(a) by SB 746 Section 13.

SB 746 Section 16 contains three provisions relevant to this discussion: §

---

[15]   The Second Administrative Judicial Region includes Montgomery County. Tex. Gov't. Code §74.042(c).

[16]   These 3 subsections appear as numbered in Mr. Pilgrim' original Order of Commitment. (CR: 303)

841.0831, §841.0834 and §841.0836. In §841.0831(a) the Legislature instructed TCCO to develop a new "tiered program for the supervision and treatment of a committed person." The Legislature specified that the new tiered treatment program "must provide for the seamless transition of a committed person from a total confinement facility to less restrictive housing and supervision..." *Id.* The Legislature effectively terminated the old "outpatient" treatment program by discontinuing funding for that program.

The new §841.0834 had two subsections (a) and (b). Subsection (a) instructed TCCO to "transfer a committed person [from total confinement] to less restrictive housing and supervision if the transfer is in the best interest of the person and conditions can be imposed that adequately protect the community." Subsection (b) authorized a committed person to "file a petition with the court for transfer to less restrictive housing and supervision" "without [TCCO's] approval".

In the new §841.0836, the Legislature specified that a civilly committed "person released from housing operated by or under contract with [TCCO] shall be released to the county in which the person was most recently convicted of a sexually violent offense."

Section 39 of SB 746 amended Gov't Code Sec. 24.579 to strip the 435th District Court of its specialty status pursuant to which it was to give precedence to

Chapter 841 cases.

SB 746 Section 40 read, in pertinent part:

(a) Except as provided by Subsection (a-1) of this section, the changes in law made by this Act to Chapter 841, Health and Safety Code, apply to a civil commitment proceeding under that chapter that is initiated on or after the effective date of this Act, regardless of when the applicable petition for civil commitment was filed.

(a-1) The jurisdiction of a district court ... in any civil commitment trial, any review of a petition for release, or any biennial review under Chapter 841, Health and Safety Code, that is pending on the effective date of this Act remain unaffected by this Act until the conclusion of that proceeding.

(b) If a civil commitment requirement imposed under Chapter 841 … before the effective date of this Act differs from any of the civil commitment requirements listed in Section 841.082 … as amended by this Act, the applicable court with jurisdiction over the committed person shall … modify the requirement imposed as applicable to conform to that section.[17]

Faced with no viable housing options, and a mandate from the legislature to create a new program that began with total confinement, TCCO chose to centralize the housing of all men in Chapter 841 commitment in one facility. TCCO entered into a contract with Correct Care Recovery Solutions, LLC d/b/a CCRS of Texas, LLC to operate a facility that has acquired the moniker "Texas Civil Commitment Center." The Texas Civil Commitment Center (TCCC) was formerly known by the name "Bill Clayton Detention Center," a private prison approximately 40 miles

---

[17] See discussion of SB 746, section 40 below at page 37.

north-northwest of Lubbock in Littlefield, Texas.[18]

In August 2015, the State began conducting the hearings required by SB 746 Section 40(b) to modify the orders of commitment previously issued under Chapter 841 to conform to changes in the requirements made by SB 746 Section 13.[19] In addition to modifying the orders of commitment to conform to the amended list of requirements, the State asked the court to order the men, whose judgments ordered them into "outpatient treatment", placed into the new tiered treatment program. The Court ordered Mr. Pilgrim into the new "inpatient" tiered treatment program[20] which resulted in his being moved from a half-way house to total confinement in the TCCC.

<u>Senate Bill 1576 a/k/a the 2017 amendments</u>

Acts 2017, Senate Bill 1576, 85th Leg., ch. TBD, §16 (SB 1576) made changes that apply to the continuing jurisdiction of a court which enters a judgment and order of commitment. Specifically, Section 16 of the SB 1576 provides in pertinent part:

> Sections 841.082 ... (d), and (e), Health and Safety Code, are amended to read as follows:
>> (d) The <u>committing</u> court retains jurisdiction of the case

---

[18] http://lubbockonline.com/local-news/2015-07-31/littlefield-getting-sex-offender-facility

[19] The State filed all of its motions in the 435th District Court, even in cases transferred to another county. An example includes: In re the Commitment of Adolph Martinez, Cause No. 01-4-02224-CV. Martinez's case was transferred by the 359th District Court to Ector County.

[20] CR: 305

with respect to a <u>proceeding conducted under this subchapter, other than a criminal proceeding involving an offense under Section 841.085, or to a</u> civil commitment proceeding conducted under Subchapters F and G.

(e) The requirements imposed under Subsection (a) may be modified <u>by the committing court</u> at any time after notice to each affected party to the proceedings and a hearing.

The underlined portions of the above were added to the respective paragraphs by SB 1576. There were no other changes to the respective paragraphs. The amendments to the respective paragraphs **did not** specify that the committing court would have "continuing exclusive jurisdiction whether the judgment and order of commitment were entered before, on, or after the effective date of this Act regardless of when the applicable petition for civil commitment was filed."

Section 45 of SB 1576 provided:

> Section 841.0834(e), Health and Safety Code, as added by this Act, applies only to a petition filed on or after the effective date of this Act. A petition filed before the effective date of this Act is governed by the law in effect when the petition was filed, and the former law is continued in effect for that purpose.

Section 48 of SB 1576 provided: "This Act takes effect September 1, 2017."

## Thomas Ray Pilgrim

On October 23, 2014, in the 435th District Court, Mr. Pilgrim was adjudicated a sexually violent predator. Mr. Pilgrim was ordered into outpatient treatment and supervision in the custody of the Office of Violent Sex Offender

Management commencing on his release from the Texas Department of Criminal Justice – Institutional Division. CR: 302-304

On September 14, 2015 the 435th District Court entered an Amended Order of Commitment for Mr. Pilgrim and an Order On Motion for Placement in Tiered Treatment Program. CR: 305-306. Soon thereafter, Mr. Pilgrim was removed from outpatient treatment and placed in the inpatient treatment program, created by SB 746, including his total confinement in a re-purposed private prison in Littlefield, Texas.

## **Summary of the Arguments**

Chapter 841 provides no specific guidance on the appropriate place to file a petition for less restrictive housing and supervision when the judgment of commitment was entered prior to September 1, 2017. Since Chapter 841 does not provide instructions on where a petition seeking less restrictive housing and supervision may, should or must be filed, reasonable people could disagree on where it could be filed. When there is more than one reasonable answer to a question, the topic is ambiguous. While Chapter 841 is ambiguous on where Mr. Pilgrim's petition could be filed, the Legislature was very clear about the termination of the jurisdiction of the district courts of Montgomery County over Chapter 841 cases in which judgment was rendered prior to June 17, 2015.

The State may want the law to be that "the court that civilly commits a person always retains jurisdiction over all other matters arising under" Chapter 841, but that is not what the Legislature enacted. The history of §841.082(a) establishes a division of jurisdiction between the "committing court" and the court to which the "committing court" was required to transfer jurisdiction. The hodgepodge that is Chapter 841 renders it ambiguous about where to file the different "petitions" authorized by Chapter 841 and where cases should land after the Montgomery County courts lost jurisdiction. However, the Legislature was clear that the Montgomery County courts lost jurisdiction over cases in which judgment was rendered prior to June 17, 2015.

The Legislature has clarified that Chapter 841 issues that arise after entry of a judgment ordering commitment are to be addressed by the court that entered the judgment when that judgment has entered after September 1, 2017.[21] The legislature has not specified which district court should resolve those issues when the judgment ordering commitment was rendered before September 1, 2017.

The Texas Constitution and Government Code are clear about a district court's jurisdiction and support the conclusion that Travis County district courts have subject matter jurisdiction over the claims asserted by Mr. Pilgrim.

---

[21] Acts 2017, Senate Bill 1576, 85th Leg., ch. TBD, §16, *supra*.

## Argument and Authorities

### Standard of Review

"Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review." *Tex. Natural Res. Conservation Comm'n. v. IT-Davy*, 74 S.W.3d 849 (Tex. 2002), citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). "Jurisdiction" refers to a court's authority to adjudicate a case. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex.2000). A plea to the jurisdiction challenges the court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The determination of a plea to the jurisdiction depends on whether the Plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Mission Consol. ISD v Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). The Court should construe the pleadings liberally in favor of jurisdiction, taking them as true in the first instance, and look to the pleader's intent. *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 738 (Tex. App.—Austin 2014, pet. dism'd). Liberally construing the allegations in Mr. Pilgrim's Original Petition for Less Restrictive Housing and taking them as true, Mr. Pilgrim has alleged facts that affirmatively demonstrate that Travis County district courts have subject matter jurisdiction over this Petition for Less Restrictive Housing and Supervision.

**FIRST ISSUE**

Subject matter jurisdiction over Texas Health and Safety Code Chapter 841 is not now, and never has been, assigned to: any Texas Court other than a district court; any other tribunal or administrative agency; or, any particular district court. Therefore, Petitions for Less Restrictive Housing under Health and Safety Code §841.0834 are within the subject matter jurisdiction of the Travis County district courts.

**DISCUSSION**

Article V, Section 8 of the Texas Constitution provides in pertinent part:

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.

From September 1, 1999 until September 1, 2003, Chapter 841 cases were initiated in a district court of Montgomery County other than a family district court. Chapter 841 required the court to transfer the case to a district court of the county in which the person resided. Cases were transferred from Montgomery County district courts, CR: 277-288, and Chapter 841 has never provided that those cases were to be transferred back to that originating court.

That district courts other than Montgomery County district courts continue

to have jurisdiction over Chapter 841 cases establishes that exclusive, appellate, and original jurisdiction over Chapter 841 cases has not been conferred by the Constitution or other law on some court, tribunal, or administrative body other than Travis County district courts. Since jurisdiction over Chapter 841 cases has demonstrably not been conferred on a court, tribunal or administrative body other than Travis County district courts, Travis County district courts have subject matter jurisdiction over Chapter 841 cases, including Petitions for Less Restrictive Housing and Supervision.

CONCLUSIONS

Since the Legislature did not restrict where Petitions for Less Restrictive Housing and Supervision could be filed, and the statutory and constitutional grant of jurisdiction to "district courts" encompasses the issues raised herein, the district courts of Travis County, including the 359th have jurisdiction over this matter. If the legislature had intended the "committing" court to be the only court in which a Petition for Less Restrictive Housing and Supervision could be filed, it could have accomplished this with no ambiguity. For example, "Without the office's approval, a committed person may file a petition with the **committing** court for a transfer to less restrictive housing and supervision." (Compare §841.0834(b).) "A committed person returned to a more restrictive setting under Subsection (c) is entitled to file

a petition with the **committing** court seeking a review of the office's determination." would have eliminated any ambiguity. (Compare §841.0834(d).)[22]

Petitions for Less Restrictive Housing and Supervision were created by SB 746 which did not grant jurisdiction over those petitions to the district courts of Montgomery County. Since before SB 746 the district courts of Montgomery County never had jurisdiction over Petitions for Less Restrictive Housing and Supervision and SB 746 did not grant them that jurisdiction, Chapter 841 is ambiguous about where a Petition for Less Restrictive Housing and Supervision may, should or must be filed. Since Mr. Pilgrim's Chapter 841 judgment was entered before the effective date of SB 746 **and** the Legislature clearly expressed its intent to terminate the jurisdiction of the courts of Montgomery County over such Chapter 841 cases, the question presented is where OTHER THAN Montgomery County can Mr. Pilgrim's Petition for Less Restrictive Housing and Supervision be filed. Travis County District Courts have jurisdiction over Mr. Pilgrim's Petition for Less Restrictive Housing and Supervision.

## SECOND ISSUE

Senate Bill 746 stripped the 435th District Court of jurisdiction over Mr. Pilgrim's Chapter 841 case.

---

22   These amendments would only have addressed the issue going forward without demonstrable intent for them to apply retroactively.

**DISCUSSION**

Section 40 of SB 746 (CR: 377) was the vehicle chosen by the 84th Legislature to terminate the jurisdiction of the 435th District Court over civil commitment cases in which a judgment had been entered before June 17, 2015. Prior to June 17, 2015 all civil commitment cases were initiated in Montgomery County and, after it was created, assigned to the 435th District Court. See Tex. Gov't Code § 24.579 (2014).

In most cases in Texas, the trial court loses jurisdiction over cases 30 days after judgment is rendered. See Tex. R. Civ. P. 329. This period is extended by the filing of a motion for new trial. Pilgrim' judgment was entered on October 23, 2014 (CR: 302) and his motion for new trial was not ruled on by the trial court. In almost any other type of case, the 435th District Court would have lost plenary power over Mr. Pilgrim's civil commitment case on November 22, 2014. Mr. Pilgrim's judgment and order of civil commitment were affirmed on June 26, 2015 more than a year before his first biennial review was due. See *In re Commitment of Pilgrim*, No. 09-14-00528-CV, (Tex. App.—Beaumont June 26, 2015) (mem. op.).

In SB 746 Section 40, the legislature wrote:

> (a) Except as provided by Subsection (a-1) of this section, the changes in law made by this Act to Chapter 841, Health and Safety Code, apply to a civil commitment proceeding under that chapter that is initiated on or after the effective date of this Act,

regardless of when the applicable petition for civil commitment was filed.

> (a-1) <u>The jurisdiction of a district court</u> ... in any civil commitment trial, any review of a petition for release, or any biennial review under Chapter 841, Health & Safety Code, that is pending on the effective date of this Act <u>remain unaffected by this Act until the conclusion of that proceeding.</u>

(Emphasis added.)

Only when statutory text is susceptible to more than one reasonable interpretation is it appropriate to look beyond its language for assistance in determining legislative intent. See *In re Smith,* 333 S.W.3d 582, 586 (Tex. 2011). "Enforcing the law as written is a court's safest refuge in matters of statutory construction..." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex.2009). The primary objective in construing a statute is to ascertain and give effect to the Legislature's intent. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex.2011). A court should consider it "a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Fitzgerald v. Advanced Spine Fixation Sys., Inc*., 996 S.W.2d 864, 866 (Tex.1999).

Section 40 of SB 746 **is** clear evidence of the Legislature's intent to terminate the jurisdiction of the Montgomery County district courts over civil commitment cases in which judgment was rendered prior to June 17, 2015. No

other section of SB 746 specifically addresses the locale for post-commitment judicial events in Chapter 841 cases in which the judgment was issued prior to June 17, 2015. No section of Chapter 841 specifically addresses the locale for post-commitment judicial events in Chapter 841 cases in which the judgment was issued prior to September 1, 2017. Chapter 841 is silent on the specific issue of where any post-commitment judicial events in Chapter 841 cases in which the judgment was issued prior to September 1, 2017 should take place. At the time this lawsuit was filed, Chapter 841 was silent in regard to where Petitions for Less Restrictive Housing and Supervision in Chapter 841 cases should be filed.

## SB 746 SECTION 40(a-1)

Subsection (a) is a savings clause, specifying that, with the exception set out in subsection (a-1), the amendments to Chapter 841 apply to civil commitment proceedings "initiated on or after [June 17, 2015] the effective date of [Senate Bill 746]." Subsection (a-1) provides that if a civil commitment proceeding[23] (a "civil commitment trial", "review of a petition for release" or "biennial review") was pending in respect of Mr. Pilgrim on June 17, 2015, then the jurisdiction of the 435th District Court over Mr. Pilgrim would have "continued until the conclusion of that proceeding." This section of SB 746 establishes the intent of the legislature

---

[23] §841.002(3-a) defines "civil commitment proceeding" as a "trial or hearing conducted under Subchapter D, F, or G." These Subchapters deal with trials, biennial reviews and petitions for release.

to divest the district courts of Montgomery County of <u>jurisdiction</u>, effective June 17, 2015, over Chapter 841 cases in which no "civil commitment proceeding" was pending on June 17, 2015. No "civil commitment trial", "review of a petition for release" or "biennial review" related to Mr. Pilgrim was pending on June 17, 2015.[24]  As a result, the Legislature intended the jurisdiction of the 435th District Court over Mr. Pilgrim and his case to terminate June 17, 2015.

<u>THE REASON TO TERMINATE JURISDICTION OF THE 435TH DISTRICT COURT</u>

It is important to note the background within which the Legislature was operating when it determined that the 435th District Court should be stripped of the civil commitment cases.[25] Commentary related to the passage of Senate Bill 746 suggested that a large part of the motivation for depriving Montgomery County of its exclusive jurisdiction was due to Judge Seiler's conduct, which had left the 435th District Court in "complete disarray." *Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 746, 84th Leg., R.S. (2015)*. (CR: 197) The committee reports stated:

> Public statements by the elected judge from Montgomery County have rendered him ineffective and led to his recusal from hearing cases he is designated by statute to hear. This is having a negative impact on the entire 2nd Administrative

---

[24]  See Court's Docket Sheet, CR: 446-448.
[25]  Texas Gov't Code § 311.023(1), (2).

Judicial District impacting 35 other counties. *Id*.

On April 24, 2015, the State Commission on Judicial Conduct issued a public reprimand against the former judge of the 435th District Court. See *e.g. In re Commitment of Lewis*, 495 S.W.3d 342 (Tex. App.—Beaumont 2016, pet. ref'd).

For Appellee to deny that SB 746 section 40 intended to divest the Montgomery County district courts of jurisdiction over civil commitment cases (either effective June 17, 2015 or as soon as pending civil commitment proceedings were concluded) is to deny subsection 40(a-1) any effect. Appellee offers no reasonable alternative interpretation of SB 746 section 40, because there is no reasonable alternative interpretation.

Appellee's argument is essentially that since the legislature did not modify §841.082(e) to account for SB 746 Section 40, §841.082(e) constitutes an exception to the import and impact of SB 746 section 40. This conclusion would render SB 746 Section 40 meaningless, i.e. the argument would make the sections irreconcilable. Adopting Appellee's argument would violate Tex. Gov't. Code §11.025(a) which instructs a court that finds two statutory provisions irreconcilable to give effect to the provision enacted most recently. Section 40 was enacted after, and should be given effect over, §841.082(e). Mr. Pilgrim' position, on the other hand, allows the Court to give effect to both SB 746 section 40 and §841.082(e).

This can be accomplished by leaving jurisdiction (for biennial reviews, petitions for release, petitions for less restrictive housing and motions to modify orders of commitment) in the court which assumes jurisdiction when a Petition is filed there, in this case a Travis County district court.

<u>SENATE BILL SECTION 40(a)</u>

Subsection (a) specifically instructs that all changes made by SB 746, EXCEPT as provided in Subsection (a-1) apply to a civil commitment proceeding initiated after the effective date of this Act [June 17, 2015]." Subsection (a-1) provides that the jurisdiction of a district court <u>ONLY</u> extends past June 17, 2015 <u>IF</u> there is a trial, petition for release or biennial review pending, <u>AND THEN ONLY</u> until the conclusion of that proceeding. Thus, the extension of the 435th District Court's jurisdiction beyond June 17, 2015 in the event one of three proceedings is in progress, is an EXCEPTION to the other changes made by SB 746. The extension of the 435th District Court's jurisdiction by subsection 40(a-1), in the event of one of those three proceedings, is an EXCEPTION to the other changes made by SB 746. Therefore, the termination of the 435[th] District Court's jurisdiction must be one of the other changes effected by SB 746.

Reading subsections 40(a) and (a-1) together, the jurisdiction of the 435th District Court extends beyond the effective date of SB 746 ONLY if one of the

three specified civil commitment proceedings is in progress, and then ONLY UNTIL the conclusion of that proceeding. None of those three proceedings was pending on June 17, 2015, so there was no exception to the termination of the 435th District Court's jurisdiction. Therefore, Mr. Pilgrim's current Petition falls outside the jurisdiction of the 435th District Court.

The legislature specifically said, in SB 746 subsection 40(a-1), that the jurisdiction of a district court under Chapter 841 will remain "unaffected by this Act until the conclusion of [any ongoing civil commitment] proceeding." This language is not a comment, it is a direct statement of the law going forward and is susceptible of only one meaning: the jurisdiction of the 435th District Court over persons in civil commitment and their civil commitment cases terminated on the earlier of June 17, 2015 or at the conclusion of an ongoing civil commitment proceeding.

## AMBIGUITY

The primary objective in construing a statute is to ascertain and give effect to the Legislature's intent. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex.2011). A court should consider it "a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866

(Tex.1999). Normally, "if the disputed statute is clear and unambiguous[,] extrinsic aids and rules of statutory construction are inappropriate, and the statute is give its common everyday meaning." *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983) "Statutory provisions will not be so construed or interpreted as lead to absurd conclusions, great public inconvenience, or unjust discrimination, if the provision is subject to another, more reasonable construction or interpretation." *C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 322, n.5 (Tex. 1994), citing *Cramer v. Sheppard*, 167 S.W.2d 147, 155 (Tex. 1942). "When the plain language of a statute does not convey the Legislature's apparent intent, [a court] may resort to additional constructional aids, such as the objective of the law, the legislative history, the common law or former statutory provisions, including laws on the same or similar subject, and the consequences of a particular construction." *Galbraith Eng'g. Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-868 (Tex. 2009). See also Tex. Gov't. Code §311.023. As the Texas Supreme Court said in *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212 (Tex. 1999):

> the statute is not entirely clear in all its particulars. The language of the statute could support more than one reasonable interpretation and therefore is ambiguous. Because it is ambiguous, we may turn to extratextual sources such as the statute's legislative history. " *Id.*, at 217.

Appellee argues that jurisdiction over Chapter 841 cases is always in the

committing court. Mr. Pilgrim respectfully disagrees. Mr. Pilgrim contends that Chapter 841 is ambiguous regarding where newly arisen issues concerning persons committed prior to September 1, 2017 are to be determined; however, SB 746 unambiguously demonstrates that the legislature wanted to remove all post-commitment Chapter 841 proceedings from the 435th District Court due to the erratic and unconstitutional behavior of the former presiding judge who was still on the bench at the time the 2015 amendments became law.

Legislative Intent with SB 746

Most of Appellee's arguments hinge upon language in Chapter 841 that predates SB 746. SB 746 Section 40 requires a different interpretation of the language that preceded it.The only language in SB 746 that provides guidance on the exact issue of the continuing jurisdiction of the Montgomery County courts is Section 40. Appellee did not direct the trial court to any language, added by SB 746, to Chapter 841 providing guidance on the exact issue of the continuing jurisdiction of the Montgomery County courts after June 17, 2015, over civil commitment cases in which the judgment was issued prior to June 17, 2015.

The different versions of §841.041 in SB 746 demonstrate the progression of the Legislature's intent to sever the ties between Chapter 841 cases and Montgomery County district courts. The first version left to the discretion of "the

presiding judge of the Second Administrative Judicial Region" where, except for family courts, to assign new Chapter 841 cases. The version of §841.041(a) enacted by the legislature required the new cases to be filed in the court of conviction for the person's most recent sexually violent offense. This new language severely limits the instances in which Montgomery County could be where new Chapter 841 cases would be filed.

As will be discussed in more detail below, while the Legislature tried to provide guidance on where new cases were to be filed, it failed to specify where old cases were to be transferred. However, in SB 746 Section 40, the Legislature was unambiguous about its intent to terminate the jurisdiction of the Montgomery County district courts over those Chapter 841 cases in which judgments and orders of commitment had been issued prior to June 17, 2015.

Since June 17, 2015 Chapter 841 provides for eight proceedings following the initial civil commitment trial involving a judicial officer in Chapter 841 cases. Those "post-commitment events" are: a trial or hearing conducted under Subchapter F; a trial or hearing conducted under Subchapter G; a hearing to modify the requirements imposed under §841.082(a), see §841.082(e); a biennial review, see §841.102; a review of an Unauthorized Petition for Release, see §841.122; a hearing on a Petition for Less Restrictive Housing and Supervision,

see §841.0834(b); a review of a TCCO decision to return a person to more restrictive housing and supervision, see §841.0834(d); and, a trial of a charge of the violation of a civil commitment requirement, see §841.085. At the time Mr. Pilgrim's Petition was filed Chapter 841 did not specify where any of these "post-commitment events" must take place. In a case initiated after September 1, 2017, all of these "post-commitment events", with the exception of a trial for a criminal violation of a civil commitment requirement, must take place in the court which issued the judgment declaring the person to be a sexually violent predator.[26] Because the changes made by the 85th Legislature were not retroactive, Chapter 841 still does not specify, for a case in which the judgment of commitment was entered before September 1, 2017, where these "post-commitment events" must, should or may take place.

Moreover, such is the state of Chapter 841, that it is confusing on the topic of where new Chapter 841 cases must be initiated. The TDCJ is instructed to send a notice when an inmate, who has a behavioral abnormality that makes the inmate likely to engage in predatory acts of sexual violence, is about to be released. See §841.023(b). The notice is sent to the local prosecutor with felony jurisdiction, i.e. the attorney representing the state in civil commitment proceedings under Chapter 841, in the "county in which the person was most recently convicted of a sexually

[26]  Code Crim. P. Art. 13.315 provides an array of counties where the charges may be tried.

violent offense." *Id.* This indicates that the new civil commitment cases are supposed to be initiated in the "county in which the person was most recently convicted of a sexually violent offense." However, §841.041 provides that:

> If a person is referred to the attorney representing the state under Section 841.023, the attorney may file, <u>in the court of conviction for the person's most recent sexually violent offense,</u> a petition alleging that the person is a sexually violent predator...

(Emphasis added.)

In order to qualify for Chapter 841 commitment, a person must have at least two convictions for sexually violent offenses. See §841.003. However, "the court of conviction for the person's <u>most recent sexually violent offense</u>" might not be in the "county in which the person was <u>most recently convicted</u> of a sexually violent offense". The person may have been convicted of his most recent sexually violent offense in a county other than where he was most recently convicted of an earlier sexually violent offense. By way of illustration: James has two convictions for sexually violent offenses: 1) James committed his first offense on July 1, 2016 in Harris County; 2) James went to Montgomery County and committed his second offense on July 4, 2016; 3) James was arrested in Montgomery county the same day as his second offense and convicted of that on offense August 1, 2016 in Montgomery County; then, 4) James was transported back to Harris County where

he was convicted of his first offense on August 4, 2016. In this example, James was not convicted of his most recent offense in the same county where he was most recently convicted. In this example, the notice sent by TDCJ would be sent to Harris County (most recent conviction) not Montgomery County (most recent offense); however, the Harris County District Attorney would presumably make the decision whether to file a petition alleging James is an SVP.

Furthermore, §841.041 provides additional ambiguity because it is permissive. The attorney representing the state "may file, in the court of conviction for the person's most recent sexually violent offense, a petition alleging that the person is a sexually violent predator..." *Id.* The appropriate attorney representing the state, also seems authorized to file a petition in the "county in which the person was most recently convicted of a sexually violent offense."

Additional ambiguity is revealed by consideration of the titles of the various documents used to institute litigation under Chapter 841. Petition is the title used for documents initiating lawsuits in Texas state courts, including a Chapter 841 commitment lawsuit. See Tex. R. Civ. P. 22, 78-82. By labeling the documents by which a person in Chapter 841 commitment seeks unauthorized release or less restrictive housing and supervision, the Legislature has created the impression that those "proceedings" constitute new lawsuits which could then be initiated in any

court with jurisdiction. This impression is illustrated in *In re Commitment of Keen*, 462 S.W. 524 (Tex. App.—Beaumont 2015, no pet.). In *Keen*, Keen contested the denial of his unauthorized petition for release without a hearing. *Id.* at 525. In determining that their Court had jurisdiction of Keen's appeal, the Beaumont Court of Appeals held that "[t]he denial of Keen's unauthorized petition concluded a discrete phase of the SVP Proceeding"…as "[t]he sole issue before the trial court was whether Keen demonstrated grounds for his release." *Id*. at 527.

Code Crim. P. Art. 13.315, amended by SB 746 section 29, provides further evidence that the Legislature was focused on terminating the jurisdiction of the Montgomery County courts and not on where those cases would go. Prior to June 17, 2015, a criminal charge for violation of a Chapter 841 commitment requirement (§841.085) could be prosecuted in "the county in which any element of the offense occurred or Montgomery County." SB 746 deleted Montgomery County as a potential venue and substituted "the court that retains jurisdiction over the civil commitment proceeding under Section 841.082, Health and Safety Code." The phrase "the court that retains jurisdiction over the civil commitment proceeding under Section 841.082" creates ambiguity where "the committing court" would have left none. The ambiguity of Code Crim. P. Art. 13:315 is compounded by the failure to amend §§841.082(d) and (e) to specify that the

"committing" court would retain jurisdiction.

The term "the court", as used in Chapter 841, is also ambiguous because, rather than a reference to a particular judicial body, the term is used to distinguish a court (as the decision maker) from CSOT, OVSOM and/or TCCO. Chapter 841 has from the beginning divided responsibilities between the "judge" and "court" on one hand[27] and the state agency responsible for administering Chapter 841 commitment. Among the responsibilities assigned to the agency were: determining the treatment program and coordinating the treatment and supervision. Chapter 841 also assigned responsibilities to the judge and/or court with jurisdiction over the person. The responsibilities of both have changed over the years. The judge/court was initially responsible for controlling where the person lived. TCCO gradually assumed that responsibility: first, the 2005 amendments switched the authority to decide where a person ordered into SVP civil commitment would reside from the judge to CSOT (live in a location approved by OVSOM); later giving OVSOM total control to tell the men where to live (live where instructed by TCCO). Even before this transfer of authority, OVSOM/TCCO moved men from one facility to another in Austin, moved men from a half-way house in Houston to a residential neighborhood in Houston (*Houston Chronicle* articles), and allowed a few men

---

[27]  The term "judge" has been replaced by the term "court." Obviously the term judge referred to a decision maker.

"Independent Living" as part of the final stage of the Outpatient Sexually Violent Predator Treatment Program without judicial approval. It is reasonable to interpret the term "the court" as used in Chapter 841 to distinguish a judicial body from the agency responsible for the treatment and supervision of SVPs.

Code Crim. P. Art. 13.315, amended by SB 746 section 32, provides further evidence that the Legislature was focused on terminating the jurisdiction of the Montgomery County courts rather than where those cases would go. Prior to June 17, 2015, a criminal charge for violation of a Chapter 841 commitment requirement (§841.085) could be prosecuted in "the county in which any element of the offense occurred or Montgomery County." SB 746 deleted Montgomery County as a potential venue and substituted "the court that retains jurisdiction over the civil commitment proceeding under Section 841.082, Health and Safety Code." The phrase "the court that retains jurisdiction over the civil commitment proceeding under Section 841.082" creates ambiguity where "the committing court" would have left none. The ambiguity of Code Crim. P. Art 13:315 is compounded by the failure to amend §§841.082(d) and (e) to specify that the "committing" court would retain jurisdiction.

CONCLUSIONS

Reading all subsections of SB 746 Section 40 together unambiguously

establishes the Legislature's intent to terminate the jurisdiction of the district courts of Montgomery County over Mr. Pilgrim on June 17, 2015. There is no other reasonable interpretation of the words chosen by the Legislature, and Appellee offers no other reasonable interpretation.

With the exception of the exclusion of Montgomery County, Chapter 841 is ambiguous regarding several issues. The legislature has provided no instruction with respect to where persons committed prior to September 1, 2017 will have their new civil commitment issues resolved.[28] SB 746 provided no clear guidance and the changes enacted by SB 1576 are prospective only. Persons committed after September 1, 2017 will have their civil commitment issues resolved by the court which enters the judgment committing them to treatment and supervision pursuant to Chapter 841.

## THIRD ISSUE

The 2015 Legislature did not confer exclusive jurisdiction over Chapter 841 cases: on a court other than a district court; on another tribunal; on an administrative body; or, on a particular court other than Travis County district courts. As a consequence, Chapter 841 cases fall within the subject matter of the Travis County district courts, courts of general jurisdiction.

---

[28] The fact that the 2017 Amendments are not retroactive is addressed below.

## DISCUSSION

The Legislature obviously knew it was changing where new Chapter 841 cases would be filed and tried under the 2015 version of Chapter 841. With this in mind, the 2015 Legislature could have readily specified which court would be responsible for post-commitment Chapter 841 proceedings.

By amending §§841.082(d) and (e), to read as follows:

> (d) The **committing** court retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G.
> (e) The requirements imposed under Subsection (a) may be modified, **by the committing court**, at any time after notice to each affected party to the proceedings and a hearing.

the Legislature demonstrated that: 1) it recognized that the 2015 version of Chapter 841 was ambiguous about where post-commitment proceedings were to be addressed; and, 2) it knew how to identify a particular court.

By inserting a reference to "committing court" in 2017 the Legislature acknowledged that Chapter 841 was ambiguous about where "post-commitment" proceeding were to be held. This recognition that the 2015 version of Chapter 841 was ambiguous establishes that the Legislature knew SB 746 had not conferred jurisdiction over Chapter 841 cases to another tribunal, administrative body or a particular court.

If the Legislature intended the "committing" court to be the sole court to rule on a Petition for Less Restrictive Housing and Supervision, the simplest and most direct method to convey that intent would have been to say: "...a committed person may file a petition with the **committing** court for transfer to less restrictive housing and supervision." (Compare §841.0834(b)) "The **committing** court shall grant the transfer if it determines that the transfer is in the best interests of the person and conditions can be imposed that adequately protect the community." would have left no ambiguity about the legislature's intent. (Compare §841.0834(b).) The 2015 version of Chapter 841 **did not** specifically confer jurisdiction over all Chapter 841 post-commitment proceedings (or even Petitions for Less Restrictive Housing and Supervision) on a court other than a district court, other tribunal or administrative body **OR** a specific district court going forward from June 17, 2015.

Nor did the Legislature resolve where post-commitment Chapter 841 proceedings, in cases in which the judgment was entered prior to June 17, 2015, would be handled. If, in 2015, the Legislature had intended for the court that entered the judgment ordering commitment to address all post-commitment Chapter 841 proceedings, it would have ordered the "committing court" to handle all Chapter 841 proceedings and made that command retroactive. By failing to do either of the above, the Legislature rendered the 2015 version of Chapter 841

ambiguous with respect to which court was required to, should or might resolve post-commitment Chapter 841 disputes, including Petitions for Less Restrictive Housing and Supervision. This ambiguity establishes that the 2015 version of Chapter 841 did not confer exclusive jurisdiction over all Chapter 841 proceedings on a tribunal other than a district court, an administrative body or a particular district court.

CONCLUSION

The 2015 Legislature did not confer exclusive jurisdiction over Chapter 841 cases: on a court other than a district court; on another tribunal; on an administrative body; or, on a particular court other than Travis County district courts. As a consequence, Chapter 841 cases (including Mr. Pilgrims' Petition for Less Restrictive Housing and Petition) fall within the subject matter of the Travis County district courts.

**FOURTH ISSUE**

The 2017 Legislature did not confer exclusive jurisdiction over all Chapter 841 cases: on a court other than a district court; on another tribunal; on an administrative body; or, on a particular court other than Travis County district courts. The fact that the 2017 version of Chapter 841 confers continuing jurisdiction over cases to the court issuing a judgment ordering commitment after

September 1, 2017 establishes that exclusive jurisdiction over Chapter 841 cases is NOT conferred on a court other than a district court, another tribunal or an administrative body. The 2017 version of Chapter 841 does not confer exclusive jurisdiction over any Chapter 841 case in which the judgment was entered before September 1, 2017, e.g. Mr. Pilgrim's case.

**DISCUSSION**

Mr. Pilgrim incorporates all of the discussion of Issue Three herein. The 2017 version of Chapter 841 confers jurisdiction over pre-commitment proceedings, Petitions of Less Restrictive Housing, Petitions for Return to Less Restrictive Housing, trials and hearings associated with biennial reviews, trials and hearings associated with Petitions for Release, and motions to modify requirements imposed pursuant to § 841.082(a) on the "committing court". The changes to Chapter 841 which grant continuing jurisdiction to the court that entered the judgment ordering commitment became effective on September 1, 2017.

Texas Constitution Article I, Section 16 prohibits retroactive statutes. Retroactive laws are regarded with disfavor. *Deacon v. City of Euless*, 405 S.W.2d 59, 61 (Tex.1966). "A statute is presumed to be prospective in its operation unless expressly made retrospective." Tex. Gov't Code Ann. § 311.022 (West 2005). Statutes are only applied retroactively if the statutory language provides that the

legislature intended that the statute be retroactive. *Merchants Fast Motor Lines, Inc. v. Railroad Comm'n*, 573 S.W.2d 502, 504 (Tex. 1978). Statutes will not be applied retrospectively unless it appears by fair implication from the language used that it was the intent of the Legislature to make it applicable to both past and future transactions. *State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707, 708-709 (1943).

There is nothing in the language of SB 1576 that indicates the Legislature intended its provision to apply retrospectively. Rather there are specific indications that the Legislature intended the amendments to apply prospectively. Section 48 specifically states that the bill becomes effective September 1, 2017. Section 45 specifically provides that petitions filed before the effective date of the bill are controlled by the law in effect at the time the petition was filed.[29]

As used in amended § 841.082, "the committing court" must only refer to a court committing a person AFTER the effective date of SB 1576. To apply the language "the committing court" to individuals committed before the effective date of SB 1576 (September 1, 2017) would give SB 1576 retroactive effect.

If the legislature had intended to vest exclusive continuing jurisdiction over all Chapter 841 proceedings including those in which the judgment of commitment

---

[29] It is not clear whether the legislature intended the second sentence of Section 45 to apply only to the requirement of service of a petition or to all changes made by SB 1756. Section 45 clearly reflects the legislature's intent for the changes made by SB 1576 to be prospective.

was entered prior to September 1, 2017, all it had to do was say so. The legislature **did not** say: "the committing court shall have exclusive continuing jurisdiction over all Chapter 841 judicial proceedings."; or, "The change in the law in amended Section 841.082(d) and (e), Health and Safety Code, applies to all cases brought pursuant to Chapter 841 whether initiated before, on or after the effective date of this Act." That the legislature knew how to make a change in the law retroactive is established by SB 746 Sections 40 and 41. In section 40(a) the Legislature said in pertinent part:

> the changes in law made by this Act to Chapter 841...apply to a civil commitment proceeding under that chapter that is initiated on or after the effective date of this Act, regardless of when the applicable petition for civil commitment was filed.

In SB 746 section 41 the legislature said, in pertinent part:

> The change in law made by this Act in amending Section 841.085, Health and Safety Code, applies to an offense committed before, on or after the effective date of this Act...

The legislature did not incorporate any similar language in SB 1576 that would indicate that it intended the changes to subsections 841.082(d) or (e) to be retroactive.

While Article V, Section 8 might confer subject matter jurisdiction over this lawsuit on Mr. Pilgrim's "committing court", it does not deny subject matter jurisdiction to the district courts of Travis County, i.e. the committing court would

not have exclusive jurisdiction over this lawsuit. The trial court ruled that, after Senate Bill 746, the District Courts of Montgomery County do not have jurisdiction over this matter. Since no court had exclusive jurisdiction over Petitions for Less Restrictive Housing and Supervision, the district courts of Travis County have subject matter jurisdiction over Mr. Pilgrim's claims.

CONCLUSION

The 2017 Legislature **did not** make its grant of continuing jurisdiction to the "committing court" retroactive. As a consequence, continuing jurisdiction over Chapter 841 cases in which the judgment ordering commitment was issued prior to September 1, 2017 was **not granted** to the courts that issued those judgments. The judgment ordering Mr. Pilgrim's commitment was entered on October 24, 2014. Mr. Pilgrims' Petition for Less Restrictive Housing and Petition was filed February 28, 2017. Exclusive jurisdiction over Mr. Pilgrim's Petition for Less Restrictive Housing and Supervision was not granted to the Court that entered the judgment ordering his commitment and therefore, falls within the subject matter of the Travis County district courts.

**FIFTH ISSUE**

The common sense, ordinary, everyday meaning[30] of the term "committing court" in § 841.082 is "the trial court which issued the judgment ordering

---

[30] Texas Gov't Code § 311.011(a).

commitment" and NOT the court in which a person subject to a judgment ordering commitment was convicted of his qualifying sex offenses.

**DISCUSSION**

The legislature has utilized the term "committing court" in other statutes to refer to the court that issued an order of commitment. See Tex. Code Crim. P. arts. 46B.107 and 46B.114. Tex. Code Crim. P. Ch. 46, Subch. E deals with civil commitment of individuals, albeit in reference to criminal proceedings. Nevertheless, when the legislature uses a word in a statute in one sense and with one meaning, and thereafter uses the same word in describing the same subject matter, it is understood that the latter word is used in the same sense and with the same meaning as the former. *Brown v. Darden*, 121 Tex. 495, 50 S.W.2d 261, 263 (1932); see also *Rylander v. Fisher Controls Int'l, Inc.*, 45 S.W.3d 291, 301 (Tex. App.-Austin 2001, no pet.)(rejecting the Comptroller's attempt to give different meanings to the same word in two statutes on the same subject matter). This rule of statutory construction also applies when the words or phrases are substantially the same. *Brown*, *supra* at 263.

CONCLUSION

In the event the trial court determined that it does not have jurisdiction over Mr. Pilgrim's claim for less restrictive housing because: 1) § 841.082(d) is

retroactive; and, 2) "committing court" means the court in which Mr. Pilgrim was convicted of the sexually violent offenses that form the basis of his Chapter 841 commitment, then the trial court erred.

**SIXTH ISSUE**

The trial court need not modify, or have jurisdiction to modify, the Order of Commitment to grant Mr. Pilgrim less restrictive housing and supervision.

**DISCUSSION**

Mr. Pilgrim does not seek modification of any order of commitment, he seeks less restrictive housing and supervision (to be provided by TCCO). § 841.082(a) requires Mr. Pilgrim to reside where instructed and § 841.0834 requires TCCO to provide Mr. Pilgrim less restrictive housing and supervision if less restrictive housing and supervision would be in Mr. Pilgrim's best interest and conditions can be placed upon Mr. Pilgrim that will adequately protect the community. Jurisdiction to award Mr. Pilgrim less restrictive housing and supervision has not been conferred upon any court other than a district court, other tribunal, administrative agency, or any particular district court.

CONCLUSION

In the event the trial court based its decision that it lacks jurisdiction on the contention that, in order to grant Mr. Pilgrim less restrictive housing and

supervision, it would have to have jurisdiction to modify Mr. Pilgrim's order of commitment, it erred.

## SEVENTH ISSUE

The trial court erred in failing to issue findings of fact and conclusions of law.

## DISCUSSION

The Order granting Appellee's Plea to the Jurisdiction was based on evidence in the record. Because there was a hearing on the jurisdictional plea and the cause was dismissed based upon evidence in the record, the request for findings of fact and conclusions of law were appropriate. *Hernandez v. Texas Dep't of Insurance*, 923 S.W.2d 192 (Tex.App. Austin 1996). The trial court should have issued findings of fact and conclusions of law.

## Prayer

Mr. Pilgrim prays that this Honorable Court reverse the judgment of the trial court and find that the district courts of Travis County do have jurisdiction of his Petition for Less Restrictive Housing and Supervision.

Respectfully submitted,

/s/ William A. Marshall
William A. Marshall
16011 Maplehurst Drive
Spring, Texas 77379
TBN 13048340
Phone 713-301-2854
billmarshallpm@gmail.com
Attorney for Thomas R. Pilgrim

## Certificate of Compliance

I hereby certify that, according to Adobe Open Office, the brief contains less than 11700 words as calculated pursuant to Tex. R. App. P. 9.4(i)(2)(E). The length of this document is in compliance with the Texas Rules of Appellate Procedure.

/S/ William A. Marshall
William A. Marshall

Certificate of Service

I hereby certify that on this 3rd day of January, 2017, a true copy of the foregoing Appellant's Brief was filed and served, through the eFile Texas system, on the Appellee as follows:

Texas Civil Commitment Office
c/o Richard Huntpalmer
Assistant Attorney General
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
*email:* [richard.huntpalmer@oag.texas.gov](mailto:richard.huntpalmer@oag.texas.gov)


/s/ William A. Marshall
William A. Marshall

No. 03-17-00801-CV

In the Court of Appeals

Third Supreme Judicial District of Texas

Thomas Ray Pilgrim

v.

Texas Civil Commitment Office

**Appellant's Appendix**

**Exhibit A:**    **Order Granting Plea to Jurisdiction**

**Exhibit B:**    **TCCO Motion to Transfer Venue**

**Exhibit C:**    **TCCO First Amended Motion to Transfer Venue**

**Exhibit D:**    **Pilgrim's Response to TCCO's First Amended Motion to Transfer Venue**

**Exhibit E:**    **Letter Ruling on TCCO's Motion to Transfer Venue**

**Exhibit F:**    **Order Denying TCCO's Motion to Transfer Venue**

**Exhibit G:**    **Judgment in First Chapter 841 Jury Trial**

# EXHIBIT A

## ORDER GRANTING TCCO's
## PLEA TO THE JURISDICTION

Filed in The District Court
of Travis County, Texas

NOV -8 2017

At_____3:04__M.
Velva L. Price, District Clerk

D-1-GN-17-000838

| | | |
|---|---|---|
| THOMAS RAY PILGRIM, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| TEXAS CIVIL COMMITMENT | § | |
| OFFICE, | § | |
| Defendant. | § | 250TH JUDICIAL DISTRICT |

## ORDER

Today, Defendant's Plea to the Jurisdiction came before the Court for consideration. After considering the motion and the arguments of the parties, the Court has determined that it lacks subject matter jurisdiction to hear this case. Therefore, it is **ORDERED** that Defendant's plea is in all things **GRANTED**, and that this case is **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.

Signed November 8, 2017.

_____
JUDGE PRESIDING

TIM SULAK

69 of 94

# EXHIBIT B

## TCCO'S MOTION TO TRANSFER VENUE

D-1-GN-17-000838

| THOMAS RAY PILGRIM | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS CIVIL COMMITMENT OFFICE | § | 250TH JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant, Texas Civil Commitment Office ("TCCO"), through the Attorney General for Texas, respectfully moves the Court to transfer venue of Mr. Pilgrim's petition for less restrictive housing to the 435th District Court of Montgomery County, Texas. TCCO is the correct party only for Mr. Pilgrim's petition for less restrictive housing and supervision. TCCO does not have any authority to grant the relief Mr. Pilgrim seeks through his petition for unauthorized release.

### STATEMENT OF THE CASE

Petitioner, Thomas Ray Pilgrim, is a civil committee under the treatment-supervision of TCCO. On October 23, 2014, Mr. Pilgrim was adjudicated by the 435th District Court of Montgomery County, Texas, to be a sexually violent predator as defined by Texas Health and Safety Code § 841.003.[1] Mr. Pilgrim seeks release from civil commitment or, in the alternative, to be afforded less restrictive housing and supervision. Neither of these remedies is properly heard in Travis County. Rather venue is only proper in the 435th District Court of Montgomery County, which civilly committed Mr. Pilgrim. Under Texas law, that court retains jurisdiction of these proceedings, and is therefore the proper venue for Mr. Pilgrim's petitions to be heard.

### DISCUSSION

Although TCCO is the correct party only for Mr. Pilgrim's petition for less restrictive housing and supervision, venue for that petition is tied by law[2] to his petition for unauthorized release—venue

---

[1] *See* Exhibit A.

[2] The law governing venue in this case entwines both of Mr. Pilgrim's petitions; so, TCCO argues for transferring venue of both petitions out of necessity. TCCO does intend to convey it has the ability to grant relief beyond its authority.

for both petitions is mandatory in the 435th District Court of Montgomery County, Texas, pursuant to Tex. Health & Safety Code § 841.082(d) and Tex. Civil Prac. & Rem. Code § 15.004.

Under Tex. Health and Safety Code, Chapter 841, Mr. Pilgrim's petition for unauthorized release is a Subchapter G civil commitment proceeding[3] subject to the § 841.082(d) mandate that the court of civil commitment "retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G." Texas appellate courts have interpreted this to mean that "[a]fter a person is committed under [Chapter 841], the trial court retains jurisdiction over the person and subject matter of the individual's commitment."[4] That jurisdiction continues "while the commitment order remains in effect."[5] Because Mr. Pilgrim's civil commitment order remains in effect, Texas law grants exclusive and continuing jurisdiction over his petition for unauthorized release to the 435th District Court. Therefore, venue is only proper in that court.

Mr. Pilgrim's petition for less restrictive housing and supervision must also be heard in the 435th District Court. Although that petition is neither a Subchapter F nor G proceeding, venue is only proper in the 435th District Court pursuant to Tex. Civil Prac. & Rem. Code § 15.004. Section 15.004 provides that where a petitioner "properly joins two or more claims, a mandatory venue provision for one claim will control" where both claims must be heard.[6] In this case, Tex. Health & Safety Code § 841.082(d) functions as a mandatory venue provision because it grants exclusive and continuing jurisdiction over Mr. Pilgrim's petition for unauthorized release to the 435th District Court. Therefore,

---

[3] *See* TEX. HEALTH & SAFETY CODE § 841.

[4] *In re Martinez*, 2016 WL 4698645, at *1 (Tex. App. Sept. 8, 2016) (citing *In re Commitment of Richards*, 395 S.W.3d 905, 907 (Tex. App.–Beaumont 2013, pet. denied)). *Accord In re Commitment of Cortez*, 405 S.W.3d 929, 931 (Tex. App.–Beaumont 2013, no pet.); *In re Commitment of Escobar*, 2016 WL 4040167, at *1 (Tex. App.–Beaumont July 28, 2016, pet. denied) (mem. op.); *In re Commitment of Goodwin*, 2013 WL 4399145, at *1 (Tex. App.–Beaumont Aug. 15, 2013, pet. denied) (mem. op.); *In re Commitment of Davis*, 291 S.W.3d 124, 127 (Tex.App.-Beaumont 2009, pet. denied).

[5] *In re Richards*, 395 S.W.3d at 907.

[6] *Hill v. Enerlex, Inc.* 969 S.W.2d 120, 121 (Tex. App.—Eastland 1998, pet. denied).

**Page 2 of 4**

under Tex. Civil Prac. & Rem. Code § 15.004, Mr. Pilgrim's petition for less restrictive housing and supervision must also be heard in the 435th District Court of Montgomery County, Texas.

## CONCLUSION

For these reasons, TCCO respectfully requests that the Court transfer venue of Mr. Pilgrim's petition for less restrictive housing to the 435th District Court of Montgomery County, Texas.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**LACEY MASE**
Division Chief
Law Enforcement Defense Division

*/s/ Richard A. Huntpalmer*
**RICHARD A. HUNTPALMER**
Assistant Attorney General
Law Enforcement Defense Division
State Bar No. 24097857

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 936-2109 Fax
richard.huntpalmer@oag.texas.gov

**COUNSEL FOR DEFENDANT TEXAS CIVIL COMMITMENT OFFICE**

**Page 3 of 4**

## NOTICE OF ELECTRONIC FILING

I, **RICHARD A. HUNTPALMER**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing, **Defendant's Motion to Transfer Venue,** in accordance with the File & Serve Texas Electronic Case Files System for Travis County, Texas on this the March 27, 2017.

/s/ *Richard A. Huntpalmer*
**RICHARD A. HUNTPALMER**
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, **RICHARD A. HUNTPALMER**, Assistant Attorney General of Texas, do hereby certify that a true copy of the above and foregoing, **Defendant's Motion to Transfer Venue,** has been served by placing the same in the United States Postal Service, postage prepaid, on March 27, 2017, addressed to:

**William A. Marshall**
16011 Maplehurst Drive
Spring, Texas 77379

/s/ *Richard A. Huntpalmer*
**RICHARD A. HUNTPALMER**
Assistant Attorney General

**Page 4 of 4**

**EXHIBIT C**

**TCCO's FIRST AMENDED**
**MOTION TO TRANSFER VENUE**

D-1-GN-17-000838

| | | |
|---|---|---|
| THOMAS RAY PILGRIM, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS CIVIL COMMITMENT OFFICE, | § | 250TH JUDICIAL DISTRICT |
| *Defendant.* | § | |

## DEFENDANT'S FIRST AMENDED MOTION TO TRANSFER VENUE

Defendant, Texas Civil Commitment Office ("TCCO"), through the Attorney General for Texas, respectfully submits this First Amended Motion to Transfer Venue.

### INCORPORATION BY REFERENCE

Defendant incorporates-by-reference its original motion to transfer venue filed in this case on March 27, 2017. Defendant reasserts the arguments presented there, and in response to Plaintiff's Opposition to Defendant's Motion to Transfer Venue filed on June 1, 2017, argues the following:

### ARGUMENT

Plaintiff argues that through Section 40 of Senate Bill 746, the Texas Legislature stripped the 435th Judicial District Court of jurisdiction in civil commitment cases over which it already presided. Attempting to strip a court of jurisdiction in this manner would undermine fundamental principles of jurisprudence. Yet, Plaintiff relies not on explicit statutory language for this proposition, but on inference.

A plain reading of Section 40 and Chapter 841 of the Texas Health and Safety Code demonstrates that venue for Plaintiff's petition for less restrictive housing is proper only in the 435th District Court because that court alone has jurisdiction to modify the requirements of Plaintiff's civil commitment.

## I. Mandatory Venue Lies In The 435th District Court

Under Texas Health & Safety Code § 841.082(a) and (e), venue for Plaintiff's petition for less restrictive housing is mandatory in the 435th Judicial District Court because Plaintiff seeks to modify the civil commitment requirements imposed on him by that court's order. Chapter 841 is not ambiguous on this point. Therefore, this Court is bound by Section 15.063(1) of the Texas Civ. Prac. & Rem. Code provides that a "court . . . shall transfer an action to another county of proper venue if the county in which the action is pending is not a proper county...."

Section 841.082 governs the conduct and jurisdiction of the trial court that civilly commits a person adjudicated to be a sexually violent predator ("SVP")—and only that court; Section 841.082 does not speak of or confer jurisdiction to any other district court. After a person is adjudicated to be an SVP, Section 841.082(a) requires that the trial court judge,

> "[b]efore entering an order directing a person's civil commitment ... impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community."

Following Subsection (d), which secures the trial court's continuing and exclusive jurisdiction over petitions for release and biennial reviews, Subsection (e) provides:

> "[t]he requirements imposed under subsection (a) may be modified at any time after notice to each affected party to the proceedings and a hearing."

Taken together, Sections 841.082(a) and (e) plainly provide that the trial court that adjudicates a person to be an SVP is responsible (1) for imposing the requirements of civil commitment on that person and (2) for modifying those requirements, if

Page 2 of 7

warranted, after notice and a hearing. Because Plaintiff seeks to modify the civil commitment requirements imposed on him by the 435th District Court, his petition must first be filed in that court. Chapter 841 does not have to explicitly state that Plaintiff's petition "may should or must be filed"[1] in the tiral court of civil commitment, because a plain reading of Section 841.082 makes that clear. Broadening the scope to consider Section 841.082 and Section 841.0834—the statute authorizing Plaintiff's petition for less restrictive housing— in their statutory context affirms this point.

Sections 841.082 and 841.0834 both fall within Subchapter E. That subchapter prescribes what happens after a person is adjudicated as an SVP pursuant to preceding Subchapter D. The "court" or "judge" cited[2] throughout Subchapter E only refers to the Subchapter D trial court that presided over a person's SVP adjudication. No language in Subsection E suggests otherwise or creates any ambiguity about that.

Taking the scope of interpretation broader still, a plain reading of the judicial scheme created in Chapter 841 only supports one conclusion concerning proper venue in this case: the district court that adjudicates a person's civil commitment retains jurisdiction while the commitment order remains in effect. This is the same conclusion reached by Texas appellate courts both before and after SB 746 was enacted.[3] Under Chapter 841, as interpreted by Texas courts and as plainly construed, because

---

[1] *See* Plaintiff's Opposition to Defendant's Motion to Transfer

[2] *See* § 841.081(a); § 842.082(a), (c), and (d); and §841.0834(b) & (d).

[3] *Accord In re Commitment of Richards*, 395 S.W.3d 905, 909 (Tex.App.—Beaumont 2013, pet. denied) ("After a person is committed under the SVP statute, the trial court retains jurisdiction over the person and subject matter of the individual's commitment."). *See also In re Martinez*, 2016 WL 4698645, *1 (Tex.App.—Beaumont 2016); *and In re Commitment of Adams*, 408 S.W.3d 906, 908 (Tex.App.—Beaumont 2013).

Plaintiff's commitment order remains in effect, only the 435th District Court has jurisdiction to hear Plaintiff's modification-request.

* * *

When one district court has acquired jurisdiction over the res, a district court of another county is without jurisdiction to restrain the proceedings of the court first acquiring jurisdiction.[4] Plaintiff's petition is requesting this Court to assume jurisdiction over matters which a district court in another county already has original and continuing jurisdiction. As this Court has no authority or jurisdiction to conduct appellate review of the 435th District Court's orders, this Court lacks subject matter jurisdiction to hear this case and should transfer the case pursuant to Texas Civ. Prac. & Rem. Code § 15.063(1).

## II. Plaintiff Mis-interprets Section 40 of SB 746

Contrary to Plaintiff's argument, SB 746 did not strip the 435th District Court of jurisdiction in cases over which it already presides. Surely, if the legislature had intended to effect such a sweeping change—one that would undermine basic principles of jurisprudence—that intent would be plainly stated. But it is not.

Instead, through Section 40, SB 746 merely limited the effect of its changes by permitting certain civil commitment proceedings that were pending at the time the bill became effective to continue unaffected. Doing so protected the parties' reliance on the law as it stood at the time those proceedings commenced. For example, SB 746 amended Chapter 841 to require petitions for civil commitment to be filed in the

---

[4] *Lord v. Clayton*, 163 Tex. 62, 352 S.W.2d 718 (1961); *Barrier v. Lowery*, 118 Tex. 227, 11 S.W.2d 298 (1928); *Millikin v. Jeffrey*, 117 Tex. 134, 299 S.W. 393 (1927).

**Page 4 of 7**

county of a person's most recent sexually violent convcition.[5] Without Section 40's protection, a party in a pending case could have moved to dismiss because the case was filed in the wrong county. So, Section 40 was not intended to strip jurisdiction, but to protect parties, avoid confusion, and preserve judicial economy.

III.     **Plaintiff has already submitted to venue in the 435th District Court.**

Plaintiff acknowledges that he already submitted to the 435th District Court's jurisdiction after SB 746 was enacted.[6] That proceeding— authorized by Texas Health & Safety Code §§ 841.082(a) and (e)—was held to modify the commitment-requirements imposed on him by the 435th District Court. This admission alone renders his venue-arguments before this Court disengenuous.

IV.     **TCCO is not the property party for Plaintiff's Unauthorized Petition for Release.**

Section 841.123(a) of the Texas Health & Safety Code requires Plaintiff to serve his unauthorized petition for release "on the court and the attorney representing the state." In this context, "the attorney representing the state" means "a district attorney, criminal district attorney, or county attorney with felony criminal jurisdiction who represents the state in a [Chapter 841] civil comitment proceeding;" or, under Section 841.042, "the special prosecution unit." Niether TCCO nor the Office of the Attorney General are appropriate parties in this context.

### CONCLUSION

For these reasons, the Court should grant this motion and transfer this case to the 435th Judicial District Court of Montgomery County, Texas.

---

[5] *See* TEXAS HEALTH & SAFETY CODE § 841.041.

[6] *See* Plaintiff's Opposition to Defendant's Motion to Transfer at p. 10.

**Page 5 of 7**

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**LACEY E. MASE**
Division Chief
Law Enforcement Defense Division

/s/ Richard A. Huntpalmer
**RICHARD A. HUNTPALMER**
Assistant Attorney General
Law Enforcement Defense Division
State Bar No. 24097857

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080/Fax (512) 936-2109
richard.huntpalmer@oag.texas.gov

**COUNSEL FOR DEFENDANT TEXAS
CIVIL COMMITMENT OFFICE**

**Page 6 of 7**

## NOTICE OF ELECTRONIC FILING

I, **RICHARD A. HUNTPALMER**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing, **Defendant's First Amended Motion to Transfer Venue,** in accordance with the File & Serve Texas Electronic Case Files System for Travis County, Texas on June 9, 2017.

/s/ Richard A. Huntpalmer
**RICHARD A. HUNTPALMER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **RICHARD A. HUNTPALMER**, Assistant Attorney General of Texas, do hereby certify that a true copy of the above and foregoing, **Defendant's First Amended Motion to Transfer Venue,** has been served on Plaintiff through his attorney, William A. Marshall, via email at billmarshallpm@gmail.com.

/s/ Richard A. Huntpalmer
**RICHARD A. HUNTPALMER**
Assistant Attorney General

**Page 7 of 7**

# EXHIBIT D

## APPELLANT'S RESPONSE TO
## TCCO'S FIRST AMENDED MOTION TO TRANSFER VENUE

NO. D-1-GN-17-00838

7/18/2017 5:41 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-000838
Carlos Martin

| | | |
|---|---|---|
| THOMAS RAY PILGRIM | § | IN THE DISTRICT COURT OF |
| | § | |
| versus | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS CIVIL COMMITMENT OFFICE | § | 250th JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S FIRST AMENDED MOTION TO TRANSFER VENUE

COMES NOW, THOMAS RAY PILGRIM, Plaintiff herein and requests the Court to deny the Texas Civil Commitment Office (TCCO) Motion to Transfer Venue, and respectfully submits as follows:

### I. Incorporation by Reference

Plaintiff incorporates by reference his original Opposition to Defendant's Motion to Transfer Venue. Plaintiff reasserts the arguments presented there, and otherwise responds to Defendant's First Amended Motion to Transfer Venue.

### II. Non-suit of Plaintiff's Unauthorized Petition for Release

Plaintiff has non-suited the portion of this lawsuit seeking release. He now only seeks less restrictive housing and supervision. Any argument that venue is only proper in the 435th District Court because of continuing jurisdiction over an Unauthorized Petition for Release is now moot.

### III. Modification of the Civil Commitment Requirements

Defendant asserts that Plaintiff seeks to modify the requirements imposed on him by the 435th District Court. Plaintiff does not seek to modify any requirements imposed upon him by the 435th District Court. Neither the Judgment of the 435th District Court nor any Order of Commitment need to be modified in order for Plaintiff to be granted less restrictive housing and supervision. Neither the Judgment of the 435th District Court nor any Order of Commitment require Plaintiff to reside in the Texas Civil Commitment Center or be subject to total confinement. Instead, TCCO has a duty under Health and Safety Code Section 841.0834(a) to grant Plaintiff less restrictive housing and supervision **without** amendment of either the judgment or order of commitment. If TCCO does not grant Plaintiff less restrictive housing and supervision, Section 841.0834 grants Plaintiff authority to petition a court to compel TCCO to grant him less restrictive housing and supervision.

### IV. Continuing Jurisdiction of the 435th District Court

All of TCCO's arguments regarding continuing jurisdiction disregard the import of Senate Bill

1 of 4

746 Section 40. The assertion that Section 40 "merely limited the effect of [SB746's] changes by permitting certain civil commitment proceedings that were pending at the time the bill became effective to continue unaffected" (TCCO's First Amended Motion to Transfer Venue, p. 4) restates Plaintiff's position that SB 746 Section 40(a-1) meant to terminate the jurisdiction of the 435th District Court after those proceedings were concluded. Furthermore, SB746 Section 40(a) makes clear that the changes made by SB 746 apply only to civil commitment proceedings "initiated on or after the effective date of [the] Act." A court would have no trouble rejecting an argument that SB 746 applied to a civil commitment proceeding in progress on the effective date.

Only one of the cases cited by TCCO for the proposition that the 435th District Court had continuing jurisdiction to amend orders of commitment addressed the jurisdiction of the 435th District Court to issue the orders entered in response to the State's motions for placement in the tiered treatment program. In *In re the Commitment of Martinez*, 2016 WL 4698645, (Cause No. 09-16-00263-CV, Court of Appeals of Texas, Ninth District, Beaumont 2016) the Court of Appeals specifically noted that Martinez had not shown that the trial court lacked jurisdiction. This is an implicit recognition that Martinez might have been able to demonstrate the 435th District Court lacked jurisdiction IF he had raised the issue. In fact, Martinez did not raise the issue of whether the 435th District Court had jurisdiction either in the trial court or on appeal, and the 9th Court of Appeals did not discuss the effect of Senate Bill 746 on the 435th District Court's jurisdiction. (The failure of the 9th Court of Appeals to address the effect of Senate Bill 746 on the jurisdiction of the 435th District Court is not surprising in view of that Court's failure to acknowledge the difference between amending a judgment and amending an order of commitment.)

### V. Plaintiff's Submission to the Venue of the 435th District Court

Plaintiff asserts that SB 746 stripped the 435th District Court of the subject matter jurisdiction over Plaintiff's case. Plaintiff cannot submit to the venue of a court that does not have subject matter jurisdiction because he cannot bestow subject matter jurisdiction on a court whether or not it is a proper venue.

### VI. VENUE

The principal place of business of the Texas Civil Commitment Office (TCCO) is in Travis County, Texas. Venue is proper under Civil Practice and Remedies Code §15.002(3).

### VII. SB 746 Section 39

SB 746 Section 39 adds force to Plaintiff's argument that the Legislature intended to strip the

2 of 4

435th District Court of jurisdiction. The 435th District Court was a "specialty court" created to give precedence to civil commitment cases. Tex. Gov't Code Section 24.576(b). SB 746 Section 39 repealed Gov't Code Section 24.576(b) thereby eliminating the "specialty" status of the 435th District Court and further demonstrating the Legislature's concern over the problems created for the program by the then sitting judge of the 435th District Court. The comments of the author of SB 746 and Section 40 thereof demonstrate that the Legislature wanted to remove all civil commitment proceedings from the 435th District Court due to the erratic and unconstitutional behavior of the former presiding judge who was still on the bench at the time the Legislature was considering SB 746.

### VIII. Senate Bill 74 Section 40

In Section 40 of SB 746, the legislature wrote:

> (a) Except as provided by Subsection (a-1) of this section, the changes in law made by this Act to Chapter 841, Health and Safety Code, apply to a civil commitment proceeding under that chapter that is initiated on or after the effective date of this Act, regardless of when the applicable petition for civil commitment was filed.
>
> (a-1) The jurisdiction of a district court ... in any civil commitment trial, any review of a petition for release, or any biennial review under Chapter 841, Health & Safety Code, that is pending on the effective date of this Act remain unaffected by this Act until the conclusion of that proceeding.
>
> (b) If a civil commitment requirement imposed ... before the effective date of this Act differs from any of the civil commitment requirements ... as amended by this Act, the applicable court with jurisdiction over the committed person shall ... modify the requirement ... (Emphasis added.)

Subsection (a) specifically instructs that all changes made by SB 746, EXCEPT as provided in Subsection (a-1) apply to a civil commitment proceeding initiated after the effective date of this Act [June 17, 2015]." Subsection (a-1) provides that the jurisdiction of a district court ONLY extends past June 17, 2015 IF there is a trial, petition for release or biennial review pending, AND THEN ONLY until the conclusion of that proceeding. Thus, the extension of the 435th District Court's jurisdiction beyond June 17, 2015 in the event one of three proceedings is in progress, is an EXCEPTION to the other changes made by SB 746. The extension of the 435th District Court's jurisdiction by subsection 40(a-1), in the event of one of those three proceedings, is an EXCEPTION to the other changes made by SB 746. Therefore, the termination of the 435th District Court's jurisdiction must be one of the other changes effected by SB 746.

3 of 4

**Conclusion and Prayer**

Venue is proper in Travis County because the principle place of business of the Texas Civil Commitment Office is in Travis County. Venue is not proper in Montgomery County because Montgomery County does not have jurisdiction over Mr. Pilgrim's civil commitment case.

Respectfully submitted,

/s/ William A. Marshall
William A. Marshall
State Bar No. 13048340
16011 Maplehurst Drive
Spring, Texas 77379
(713) 301-2854
billmarshallpm@gmail.com
ATTORNEY FOR PLAINTIFF

**Certificate of Service**

I hereby certify that on this 18th day of July 2017, a true copy of the foregoing Response to Defendant's First Amended Motion to Transfer Venue was filed and served through the eFile Texas system as follows:

The Texas Civil Commitment Office
c/o Richard A. Huntpalmer
Assistant Attorney General
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
email: richard.huntpalmer@oag.texas.gov

/s/ William A. Marshall
William A. Marshall

4 of 4

**EXHIBIT E**

**LETTER RULING ON TCCO's**
**MOTION TO TRANSFER VENUE**



## 200TH DISTRICT COURT

**GISELA D. TRIANA**
Judge

JAMES T. PARSONS
Staff Attorney
(512) 854-4916

DIANA CAPUCHINO
Court Operations Officer
(512) 854-9306

TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767

LaDELLE ABILEZ
Official Court Reporter
(512) 854-9325

BARI HENSON
Court Clerk
(512) 854-5835

August 22, 2017

Mr. Richard A. Huntpalmer
Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711
Via richard.huntpalmer@oag.texas.gov

Mr. William A. Marshall
Attorney at Law
16011 Maplehurst Drive
Spring, Texas 77379
Via billmarshallpm@gmail.com

RE: Cause No. D-1-GN-17-000838; In the 250th Judicial District Court of Travis Co., Tx.
*Thomas Ray Pilgrim v. Texas Civil Commitment Office*

Dear Counsel,

On July 20, 2017, the Court heard and took under advisement Defendant's First Amended Motion to Transfer Venue in the above-referenced cause. After reviewing the motion, the response, the record, argument of counsel and the applicable law, the Court will find that the motion to transfer venue should be denied, but the Court will raise concerns *sua sponte* regarding whether this Court has subject matter jurisdiction.

The Court is not persuaded by Defendant's assertion that Montgomery County and the 435th Judicial District Court has continuing jurisdiction following the passage of Senate Bill 746 ("SB 746"). *See* Tex. S. B. 746, 84th Leg., R.S. (2015). In Section 7 of SB 746, the Legislature amended Health and Safety Code Section 841.041(a) to provide jurisdiction for civil commitment proceedings in the "court of conviction for the person's most recent sexual violent offense," while striking the statutes providing jurisdiction to Montgomery County and the 435th Judicial District Court. In Section 40(a-1) of SB 746, the Legislature noted that "jurisdiction of a district court ... in any civil commitment trial, any review of a petition for release, or any biennial review under Chapter 841, Health and Safety Code, that is pending on the effective date of this Act remains unaffected by this Act *until the conclusion of that proceeding*." (emphasis added). First, "proceeding" is limited to commitment trials, review of a petition for release or a biennial review. If the Legislature intended to allow the 435th Judicial District Court to maintain jurisdiction over all cases previously decided, the Court would not have limited the jurisdiction only during these active proceedings. Second, the Act does affect those cases after the "proceedings" concludes. After that limited time period, the jurisdiction would then be controlled by Section 841.041(a). While Defendant argues that generally jurisdiction is not

transferred, it does not cite controlling authority in this instance that would prohibit the Texas Legislature from doing so.

Defendant further argues that because Plaintiff agreed to the entry of an Amended Order of Civil Commitment on September 14, 2015, in the 435th Judicial District Court, only the 435th Judicial District Court has continuing jurisdiction. Any limited jurisdiction that the 435th Judicial District Court had at the time the order was entered is now "concluded," and would not provide ongoing jurisdiction in the 435th Judicial District Court under SB 746, Section 40(a-1).

The Court, however, does not believe that Section 841.082 provides jurisdiction for all commitment review cases to Travis County. Plaintiff argues that because Section 841.082 does not expressly provide which Court is allowed to review the commitment restrictions, he may bring the suit in Travis County based on the Defendant's state headquarters being located here. Pursuant to Section 841.041(a), SB 746 limited jurisdiction to "the court of conviction for the person's most recent sexual violent offense." In Senate Bill 1576, the Texas Legislature recently amended the statute to make clear that the "committing court" was the court with continuing jurisdiction. *See* Tex. S. B. 1576 85th Leg., R.S., Section 16 (May 18, 2017). SB 746 necessarily implies that the "committing court" is the only court that is provided jurisdiction. Therefore, Travis County District Courts would not have jurisdiction unless a Travis County District Court is the court of conviction. In this case, it is not clear that Travis County District Court has jurisdiction.

Mr. Marshall, please draft an order denying the motion to transfer venue, circulate it to opposing counsel for approval as to form, and forward the order to the Court for entry. Thank you.

Sincerely,

Gisela D. Triana
Judge, 200th District Court
Travis County, Texas

**EXHIBIT F**

**ORDER DENYING TCCO's**
**MOTION TO TRANSFER VENUE**



COPY

Filed in The District Court
of Travis County, Texas

AUG 3 0 2017 NNR
At _3:34ρ_ M.
Velva L. Price, District Clerk

NO. D-1-GN-17-00838

THOMAS RAY PILGRIM                    §          IN THE DISTRICT COURT OF
                                      §
versus                                §          TRAVIS COUNTY, TEXAS
                                      §
TEXAS CIVIL COMMITMENT OFFICE         §          250th JUDICIAL DISTRICT

## ORDER DENYING THE TEXAS CIVIL COMMITMENT OFFICE MOTION TO TRANSFER VENUE

On July 20, 2017 the Court heard and took under advisement the Texas Civil Commitment Office First Amended Motion to Transfer Venue filed in this matter. After reviewing the motion, the response, the record, argument of counsel and the applicable law, the Court is not persuaded by Defendant's assertion that Montgomery County and the 435th District Court has continuing jurisdiction and as a consequence: the Texas Civil Commitment Office's Motion to Transfer Venue is DENIED.

SIGNED THIS **3O** DAY OF **August** , 2017.

_____
JUDGE PRESIDING

APPROVED AS TO FORM.

/s/ William A. Marshall
William A. Marshall
16011 Maplehurst Drive
Spring, Texas 77379
713-301-2854
billmarshallpm@gmail.com
Attorney for Plaintiff, Thomas Ray Pilgrim

/s/ Richard A. Huntpalmer
Richard Huntpalmer
Assistant Attorney General
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
richard.huntpalmer@oag.texas.gov
Attorney for Texas Civil Commitment Office

**EXHIBIT G**

**<u>JUDGMENT IN FIRST CHAPTER 841 JURY TRIAL</u>**

APR 2 2001

NO. 00-02-01034-CV

| | | |
|---|---|---|
| IN RE: THE COMMITMENT OF | § | IN THE DISTRICT COURT OF |
| | § | MONTGOMERY COUNTY, TEXAS |
| BILLY JOHNSON | § | 284TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

ON APRIL 2, 2001, the Court called this case for trial. Petitioner, the State of Texas, appeared through its representative and through its attorney and announced ready for trial. Respondent, Billy Johnson, appeared in person through his attorney and announced ready for trial. The Court impaneled and swore the jury, which heard the evidence and arguments of counsel. The Court submitted questions, definitions, and instructions to the jury. In response, the jury made findings that the Court received, filed, and entered of record. The Jury Charge submitted one question to the jury: "Do you find that Billy Johnson suffers from a behavior abnormality that makes him likely to engage in a predatory act of sexual violence?", and the jury found "No." Respondent moved for judgment on the verdict. The Court considered the motion and renders judgment for Respondent, Billy Johnson.

THEREFORE, the Court orders that Petitioner, the State of Texas, take nothing by its suit.

All relief not granted herein is denied.

Signed on this the _20th_, day of April, 2001.

_____
Judge Presiding

APPROVED AS TO FORM ONLY:

_____
Christopher L. Thetford
Attorney for Petitioner

_____
Dixie Lee Pritchard
Attorney for Respondent